UNITED STATES, Appellee,

v.

Sergio M. ORTIZ, Jr., Airman First Class U.S. Air Force, Appellant.

No. 57,226.
ACM S27298.

U.S. Court of Military Appeals.

July 27, 1987.

For Appellant: *Colonel Leo L. Sergi* and *Major Harry L. Heintzelman, IV.*

For Appellee: None.

*Opinion of the Court*

EVERETT, Chief Judge:

After appellant filed his petition for review, this Court issued a docketing notice which directed the filing of a supplement to the petition on or before March 27, 1987. *See* Rule 20(e), Rules of Practice and Procedure, United States Court of Military Appeals. However, no supplement was filed by that date. Then, on March 30, appellate defense counsel moved to file a supplement out-of-time, noting that the appellate defense counsel who had represented appellant at the Court of Military Review had departed from the Air Force and that "[t]hrough administrative oversight and inadvertence replacement counsel was not assigned to petitioner's case so that Rule 21 [sic] ... could be complied with." Counsel attached to the motion a supplement which contains no assignments of error.

## I

■ Congress has granted an accused a statutory right to review in this Court upon submission of a petition, *see* Art. 67(b)(3), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(3). Consistent with this Court's interpretation of congressional intent, we have entertained petitions for review that were filed late, if good cause was shown for the delay. As part of the showing of good cause, counsel must assign meritorious issues. *United States v. Sumpter,* 22 M.J. 33 (C.M.A. 1986).

■ The petition for review is itself a very simple document; and it does not indicate why the accused believes prejudicial error was committed. Thus, it must be supplemented in some way. For this purpose, appellate defense counsel are made available to the accused. *See* Art. 70, UCMJ, 10 U.S.C. § 870.

■ This Court has inferred that Congress did not wish to have an accused's effort to appeal thwarted by the omissions, indifference, or ineptitude of the military counsel provided to him. This inference seems especially appropriate because, if the supplement to the petition is not filed, the accused will have no remedy against the Government, *cf. Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), or against the delinquent uniformed lawyer. *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 70 L.Ed.2d 586 (1983). Rather than leave the accused servicemember empty-handed under these circumstances, we have accepted relatively informal assignments of error by the accused himself, when his assigned counsel failed to present his contentions to this Court. *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

Likewise, we do not wish to make appellant Ortiz suffer for the omissions of the lawyer assigned to him pursuant to Article 70. On the other hand, we are concerned about the proliferation of motions for late filing of supplements to petitions for review.

The pending motion speaks of "administrative oversight" but goes on to give us some information as to the nature of the "oversight." Unfortunately, many of the recent motions to allow untimely filing content themselves with a simple reference to "administrative oversight" and let us speculate what went awry. Indeed, subsequent to the filing of appellant's motion, we received motions in this form in three other cases from the same service.[1] Obviously, such a practice does not conform to this Court's Rules of Practice and Procedure.

We do not claim that these Rules are perfect. However, they are the product of a diligent and capable Rules Advisory Committee, on which the armed services are ably represented. If something is wrong with the Rules, the need for amendment should be brought to our attention; but certainly they should not be disregarded. Indeed, such disregard besmirches the image of military justice.

---

1. *United States v. Poole,* No. 57,502; *United States v. Onart,* No. 57,503; *United States v. Whitney,* No. 57,504.

Thus, we are on the horns of a dilemma. The Court does not wish to condone disregard of its Rules by accepting late filings when the delay seems to be the result of neglect and carelessness. On the other hand, we do not want to penalize an appellant who is not receiving the effective assistance of counsel contemplated by the Sixth Amendment and by Article 70 of the Code.

■ This Court has traditionally reviewed meritorious issues which were not assigned by an appellant or his counsel. Presumably, Congress approves of this practice for, during the many years it has existed, there has been no congressional complaint that we are too generous with appellate review. However, independent review by a Court is not the equivalent—or otherwise—of having a competent lawyer seek appellate relief. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Thus, on balance, there is little choice but to be liberal in allowing late filings of supplements to petitions for review, if those supplements contain assignments of error.

Where, as here, the supplement to the petition contains no assignments of error, it obviously is of little aid to the accused. Thus, to deny its filing would not affect him adversely. On the other hand, in that situation, denial of the filing makes the Court's own work more difficult. It deprives us of the assurance that counsel for appellant have examined the record of trial and have not located any errors which in their opinion were prejudicial. Also, denial makes easier the assertion later by the accused that he did not receive effective assistance of counsel, who did not even successfully file an appellate pleading in his behalf.

■ Under the circumstances, the best solution for our quandary seems to be to require specificity as to the "administrative oversights" which have led to untimely filings. To this end, we held a hearing on the cryptic motions for untimely filing of supplements to the petitions for review in three other Air Force cases.[2] We intend to be equally diligent in obtaining adequate explanations for delay in future cases where motions for untimely filing of supplements to petitions for review are filed. Moreover, where there has been flagrant or repeated disregard of our Rules, we shall impose appropriate sanctions against the offending counsel. These may include suspension or disbarment from practice before this Court.

■ We recognize that the caseload for appellate counsel will often be heavy and secretarial assistance may be short. In that event, counsel should file a motion for extension *before* they are in default and should set out the circumstances in detail. We shall try to deal reasonably with such requests. However, we shall not continue to tolerate untimeliness which violates this Court's Rules and demeans the military-justice system.

## II

The motion to file the untimely supplement is granted.

Judges COX and SULLIVAN concur.

---

2. See cases cited in n. 1.