IN THE CASE OF


UNITED STATES, Appellee

v.

Leahatonia BRUNSON, Seaman Apprentice (E-2)
U.S. Navy, Appellant

No. 03-0297

Crim. App. No. 200001419

United States Court of Appeals for the Armed Forces


Decided August 14, 2003




Counsel

For Appellant:  Lieutenant Commander William O. Coe, JAGC, USNR; Captain Phillip D. Sanchez, USMC.

For Appellee:  No appearance entered.

Military Judge:  David M. White


**This opinion is subject to editorial correction before final publication.**

United States v. Brunson, No. 03-0297/NA

PER CURIAM.

Appellant, Seaman Apprentice (E-2) Leahatonia Brunson, was tried by special court-martial at Naval Station Bremerton, Bremerton, Washington. Pursuant to her plea of guilty, she was convicted of arson in violation of Article 126, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 926 (2000). The military judge sentenced her to a bad-conduct discharge, confinement for six months, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority approved the sentence, but suspended all confinement in excess of 67 days for a period of six months. The Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence.

Facts

The Court of Criminal Appeals rendered its decision in Appellant's case on October 31, 2002. On January 9, 2003, the Government mailed a copy of the court's decision to Appellant. Acting on behalf of Appellant, appellate defense counsel filed a Petition for Grant of Review with this Court on March 18, 2003.[1] On that same day this Court ordered Appellant to file a

_____

[1] The Government has not contested the timeliness of this Petition for Grant of Review. See Article 67(b), Uniform Code of Military Justice, 10 U.S.C. § 867(b) (2000); C.A.A.F. R. 19(a).

United States v. Brunson, No. 03-0297/NA

supplement to her Petition for Grant of Review on or before April 17, 2003. On the due date, appellate defense counsel filed a Motion for Enlargement of Time to File Supplement to the Petition for Grant of Review, stating that appellate defense counsel was "a reservist who, due to other caseload commitments, requires additional time[.]" On April 22, 2003, this Court granted Appellant's motion and extended the filing date for the supplement to May 19, 2003. On May 19, 2003, appellate defense counsel filed a second motion for enlargement of time setting forth the identical reason in support of the motion. On May 20, 2003, this Court granted the second motion for enlargement stating, "but only up to and including June 5, 2003; and [t]hat, absent extraordinary circumstances, no further extensions of time will be granted in this case."

The time period for filing Appellant's supplement came and no supplement or further motion was filed on the due date. In response to an inquiry from the Office of the Clerk of this Court, appellate defense counsel filed a Motion to File Supplement to Petition for Grant of Review Out of Time on June 20, 2003. It is that motion which we now consider.

## Discussion

We grant Appellant's Motion to File Supplement to Petition for Grant of Review Out of Time. The present case, as well as a

United States v. Brunson, No. 03-0297/NA

number of others coming to this Court from the Navy-Marine Corps Appellate Defense Division, reflect a serious pattern of delay in the appeal of decisions to this Court after review by the Navy-Marine Corps Court of Criminal Appeals (NMCCA).

During a recent review of this Court's Petition Docket, the Clerk of Court's Office discovered 26 cases, including Appellant's, in which timely petitions for grant of review had been filed from decisions of the NMCCA, but where the supplements to the petitions had not been filed within this Court's specified timelines. C.A.A.F. R. 19(a)(5)(B). Following an inquiry from the Clerk of Court's Office to the Navy-Marine Corps Appellate Defense Division, that division filed motions to file supplements to petitions for grant of review out of time in all 26 cases.

A further review by the Clerk's office revealed additional cases from the Navy-Marine Corps Appellate Defense Division which were "out of time." As of August 1, 2003, this Court's petition docket contained a total of 43 cases in which petitions were filed from decisions of the NMCCA but in which no timely supplements had been filed. In 35 of these cases, counsel filed motions to file supplements "out of time"; in three cases, counsel filed "out of time requests" for enlargement of time; and in five cases, counsel had not filed either the supplement or a motion for enlargement out of time. The motions to file

4

out of time were filed anywhere from six to 26 days beyond the due dates established by this Court's Rules of Practice and Procedure.

The cases in which no supplement to the petition for grant of review had been filed within the prescribed timelines did not comply with the provisions of C.A.A.F. R. 19(a). The appellants in these cases risked the very real possibility of being deprived of their rights under Article 67, UCMJ, 10 U.S.C. § 867 (2000). The motions to file out of time represent an effort on the part of the attorneys for the appellants in 38 of the cases to avoid such a result. These motions, however, reflect further non-compliance with our Rules. Our Rules require that motions contain "the factual or legal grounds for requesting . . . relief." C.A.A.F. R. 30(a). In the motion to file Appellant's Supplement out of time, appellate defense counsel asserts that "extraordinary circumstances . . . have prevented counsel from complying with this Court's rules governing the filing of pleadings." Those circumstances include the departure of an administrative office manager who assisted attorneys with case tracking, the temporary duty absence of the Appellate Defense Division Director, and a "medical emergency" that required the Deputy Division Director "to report daily to the National Naval Medical Center, Bethesda, Maryland." Further, counsel asserts in the motion that there has been a "disconnect" between active

duty and reserve attorneys who review appellate cases, and that a new database system "reduced visibility" over cases reviewed by reserve attorneys. These same circumstances were asserted as the grounds for relief in the other 25 of the original 26 motions to file supplements out of time. In seven other motions to file supplements out of time, the asserted reason was "administrative oversight by the Branch Secretary." In three other cases, the reason given was simply "administrative oversight."

None of these circumstances provides a basis for finding that the relief was warranted by "extraordinary circumstances" or other permissible grounds, except the "medical emergency." "[A]dministrative oversight" is merely a conclusion that provides neither a factual nor a legal basis for the relief sought. All of the proffered bases for relief were within the administrative control of the attorneys or supervisory officials charged with the responsibility of providing legal services under Article 70.

Counsel have a responsibility to aggressively represent clients before military trial and appellate courts. If counsel fail to comply with the basic rules of this Court, they risk compromising their client's rights and protections. The attorneys of the Navy-Marine Corps Appellate Defense Division must adequately protect the appellate rights of their clients,

comply with the Rules of Practice and Procedure of this Court, and provide competent and timely appellate representation.

In that regard, we also note that this Court has adopted the American Bar Association's Model Rules of Professional Conduct (2003 ed.) "as the rules of conduct for members of the Bar of this Court." C.A.A.F. R. 15(a). Those Model Rules require that counsel "shall act with reasonable diligence and promptness in representing a client." Model Rules of Prof'l Conduct R. 1.3. The comment to Rule 1.3 provides that "[a] lawyer's work load must be controlled so that each matter can be handled competently." Id. at cmt. 2.

As noted above, the motions filed by appellate counsel do not contain an adequate factual basis for excusing the omissions by appellate counsel. Under the circumstances of the present cases, however, we conclude that Appellant Brunson and the remaining 42 appellants should not be penalized for the failure of attorneys and officials responsible for the provision of legal services under Article 70, UCMJ, 10 U.S.C. § 870 (2000) to ensure that appellate filings are made in a timely manner and to further ensure that motions for filings out of time contain an adequate justification. "[W]e do not wish to make [an] appellant . . . suffer for the omissions of the lawyer[s] assigned to [her] pursuant to Article 70." United States v. Ortiz, 24 M.J. 323, 324 (C.M.A. 1987)(discussing import of

United States v. Brunson, No. 03-0297/NA

Article 70).  We also note that a number of the motions filed recently by the Navy-Marine Corps Appellate Defense Division do not comply with the standards set forth in Ortiz.  While we have granted those motions, practitioners should be on notice that this Court will not countenance further disregard of our rules and case law.

In so ruling, we emphasize that "disregard [for the Rules of this Court] besmirches the image of military justice."  Id. at 324.  We do not "condone disregard of [our] Rules by accepting late filings when the delay seems to be the result of neglect and carelessness," and we shall consider appropriate sanctions in the event of "flagrant or repeated disregard of our Rules."  Id. at 325.

## Decision

Appellant's Motion to File Supplement to Petition for Grant of Review Out of Time is granted.