UNITED STATES, Appellee

v.

Charles S. ROACH, Senior Airman
United States Air Force, Appellant

No. 07-0870

Crim. App. No. S31143

United States Court of Appeals for the Armed Forces

Argued May 6, 2008

Decided June 26, 2008

EFFRON, C.J., delivered the opinion of the Court, in which BAKER
and ERDMANN, JJ., joined.  STUCKY, J., filed a separate
dissenting opinion, in which RYAN, J., joined.


Counsel


For Appellant:  Dwight H. Sullivan, Esq. (argued); Colonel Nikki
A. Hall and Major Shannon A. Bennett (on brief).

For Appellee:  Colonel Gerald R. Bruce (argued); Major Matthew
S. Ward and Captain Ryan N. Hoback (on brief); Captain Jefferson
E. McBride.


Military Judge:  Jennifer Whittier


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of willful dereliction of duty and the use of cocaine, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a (2000).  The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for four months, and reduction to the lowest enlisted grade.  The convening authority, pursuant to a pretrial agreement, approved that portion of the sentence that provided for a bad-conduct discharge, confinement for three months, and reduction to the lowest enlisted grade.

The case was transmitted to the United States Air Force Court of Criminal Appeals for mandatory review under Article 66, UCMJ, 10 U.S.C. § 866 (2000), with a submission by defense counsel due on November 14, 2006.  At appellate defense counsel's request, the court granted three enlargements of time. On March 14, 2007, the court denied appellate defense counsel's request for a fourth enlargement.  On August 23, 2007, appellate defense counsel submitted a motion to reconsider that denial and provide an additional sixty days to submit a brief on Appellant's behalf.  The court denied the motion on August 30, 2007.  See United States v. Roach, No. ACM S31143 2007 CCA LEXIS

2

United States v. Roach, No. 07-0870/AF

402, at *2, 2007 WL 2790660, at *1 (A.F. Ct. Crim. App. Sept. 13, 2007) (per curiam) (unpublished).

On September 13, 2007, the Court of Criminal Appeals issued a decision affirming the findings and sentence as approved by the convening authority.  Id. at *9, 2007 WL 2790660, at *3-*4. On Appellant's petition, we granted review in light of United States v. May, 47 M.J. 478 (C.A.A.F. 1998) (regarding proceedings in the Courts of Criminal Appeals when appellate defense counsel had not provided a submission on the merits of the case).[1]  For the reasons set forth below, we set aside the decision of the Air Force Court of Criminal Appeals and remand this case for further consideration.

---

[1] We granted review of the following issues:

I.    WHETHER THE LOWER COURT ERRED BY DECIDING APPELLANT'S CASE IN THE ABSENCE OF A SUBSTANTIVE SUBMISSION ON APPELLANT'S BEHALF DESPITE THIS COURT'S CASE LAW HOLDING THAT IT IS "ERROR" FOR A COURT OF CRIMINAL APPEALS TO DECIDE A "CASE WITHOUT ASSISTANCE OF COUNSEL" FOR AN APPELLANT.  United States v. May, 47 M.J. 478, 482 (C.A.A.F. 1998).

II.   WHETHER THE LOWER COURT ERRED BY HOLDING: (1) THAT IT WAS NOT OBJECTIVELY UNREASONABLE FOR THE APPELLATE DEFENSE COUNSEL TO FAIL TO FILE A BRIEF ON APPELLANT'S BEHALF DURING THE 182 DAYS BETWEEN THE EXPIRATION OF APPELLANT'S BRIEFING DEADLINE AND THE LOWER COURT'S DECISION IN APPELLANT'S CASE; AND (2) THAT APPELLANT DEMONSTRATED NO PREJUDICE, DESPITE THIS COURT'S CASE LAW HOLDING THAT WHERE APPELLATE COUNSEL "DO NOTHING" ON AN APPELLANT'S BEHALF, THE "APPELLANT HAS BEEN EFFECTIVELY DEPRIVED OF COUNSEL, AND PREJUDICE IS PRESUMED."  United States v. May, 47 M.J. 478, 482 (C.A.A.F. 1998).

I.  MILITARY APPELLATE REVIEW AT THE COURT OF CRIMINAL APPEALS

A.  UNIQUE RESPONSIBILITIES UNDER ARTICLES 66 AND 70

Although the military justice system incorporates civilian criminal law practices in important respects, see, e.g., Article 36, UCMJ, 10 U.S.C. § 836 (2000), Congress in the UCMJ has preserved many of the historic aspects of military law. Appellate review in the Courts of Criminal Appeals, for example, embodies the traditional affirmative responsibility of military reviewing authorities to conduct mandatory, de novo review of court-martial proceedings. See Daniel T. Ghent, Military Appellate Processes, 10 Am. Crim. L. Rev. 125, 125 (1971) (comparing appellate procedures among military and civilian courts); Delmar Karlen, Civilian and Military Justice at the Appellate Level, 3 Wis. L. Rev. 786, 787 (1968) (same); William F. Fratcher, Appellate Review in American Military Law, 14 Mo. L. Rev. 15, 59-64 (1949) (describing appellate review in the military justice system prior to enactment of the UCMJ).

In the Article III courts, the responsibility in a criminal case for initiating a timely appeal, paying costs and fees, obtaining a transcript, and retaining counsel rests with the party seeking review. See, e.g., Fed. R. App. P. 3, 4(b), 10, 11. Provision of counsel on appeal at government expense and waiver of costs and fees occur only in the case of an indigent party. See 18 U.S.C. § 3006A(b), (d)(7) (2000); 3 Wayne R.

United States v. Roach, No. 07-0870/AF

LaFave et al., Criminal Procedure §§ 11.1(a), 11.2(b) (3d ed. 2007).  The courts of appeals on direct review focus on issues of law, with the burden generally on the appellant to demonstrate prejudicial error.  See, e.g., Fed. R. Crim. P. 52; 18 U.S.C. § 3742 (2000).

Proceedings in the Courts of Criminal Appeals differ from civilian appeals in three significant respects.  First, review is mandatory.  The Judge Advocate General must submit each case of the type at issue in the present appeal to the court unless the accused affirmatively waives the appeal.  See Article 66(b), UCMJ.

Second, the Judge Advocate General must provide government-furnished appellate counsel to the accused, regardless of indigence, on request of the accused, or when the government is represented on appeal by counsel.  See Article 70, UCMJ.  The report accompanying enactment of Article 70, UCMJ, observed that such representation would "assure that the accused's case will be thoroughly considered."  H.R. Rep. No. 81-491, at 33 (1949), as reprinted in 1950 U.S.C.C.A.N. 2220, 2256.

Third, the scope of review by the Courts of Criminal Appeals differs in significant respect from direct review in the civilian federal appellate courts.  See United States v. Crider, 22 C.M.A. 108, 110-11, 46 C.M.R. 108, 110-11 (1973).  In addition to reviewing the case for legal error in a manner

similar to other appellate courts, see Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), Congress has provided the Courts of Criminal Appeals with "plenary, de novo power of review" and the ability to "'determine[], on the basis of the [entire] record' which findings and sentence should be approved." United States v. Cole, 31 M.J. 270, 272 (C.M.A. 1990) (citation omitted). In that regard, the court conducts a de novo review under Article 66(c) of the facts as part of its responsibility to make an affirmative determination as to whether the evidence provides proof of the appellant's guilt of each offense beyond a reasonable doubt. United States v. Turner, 25 M.J. 324, 324-25 (C.M.A. 1987). The court also conducts a de novo review of the sentence under Article 66(c) as part of its responsibility to make an affirmative determination as to sentence appropriateness. See United States v. Baier, 60 M.J. 382, 384-85 (C.A.A.F. 2005) (discussing the requirement that the Courts of Criminal Appeals independently determine the sentence appropriateness of each case they affirm). The reports accompanying the enactment of the UCMJ identified the unique powers established under Article 66 as responding to significant deficiencies in the operation of the military justice system during World War II, particularly with respect to sentence disparities. See H.R. Rep. No. 81-491, at 31-32 (1949), as reprinted in 1950 U.S.C.C.A.N. 2220, 2253-54; see also Fratcher,

14 Mo. L. Rev. at 55-56, 59-60 (describing concerns growing out of the World War II experience).

B. THE RELATIONSHIP BETWEEN THE APPELLATE REVIEW UNDER ARTICLE 66 AND APPELLATE REPRESENTATION UNDER ARTICLE 70

Two cases illustrate the responsibilities of the Courts of Criminal Appeals when presented with a case in which defense counsel have not submitted a filing on the merits of the appeal. In United States v. Bell, 11 C.M.A. 306, 309, 29 C.M.R. 122, 125 (1960), the relationship between the appellant and his two detailed military defense counsel deteriorated to the point where the appellant asked the Board of Review (as the Courts of Criminal Appeals were then denominated) to appoint new counsel, and counsel asked the Board for permission to withdraw. Before acting, the Board asked the Office of the Judge Advocate General whether other counsel would be appointed to replace the assigned counsel. Id. at 309, 29 C.M.R. at 125. When the Board was informed that no other counsel would be appointed, the Board "relieved the officers of the assignment and, without timely notice to the accused, proceeded to hear and decide the matter." Id.

The opinion in Bell noted that the responsibility for appointing appellate counsel rested with the Judge Advocate General under Article 70, UCMJ, but that the authority to control the case rested with the court. Id. at 309-10, 29

7

C.M.R. at 125-26.  The opinion recognized that if an accused "becomes unreasonable in his demands, he may forfeit his right to any assistance," but that the Board of Review had not reached any conclusion in that regard.  Id. at 309, 29 C.M.R. at 125. The opinion also emphasized that the Board had a number of options in the event of disagreement between counsel and client, including:  (1) direction for both client and counsel to separately file their assignments of error; and (2) a requirement for the Judge Advocate General to appoint substitute counsel as a predicate to further appellate proceedings.  Id. at 309-10, 29 C.M.R. at 125-26.  If the accused unreasonably refused to proceed with assigned or substitute counsel, the opinion observed that the Board of Review should stay the proceedings "for a period adequate to allow service upon the accused of the order permitting counsel to withdraw, and giving him sufficient time to meet the new situation."  Id. at 310, 29 C.M.R. at 126.  The opinion added:  "In the order releasing counsel, there should be included a notice that different military counsel will not be made available to accused and he must either represent himself or obtain civilian counsel."  Id. After noting that the Board did not explore the alternatives or provide the appellant with appropriate notice, the opinion concluded that the case should be returned to the Board of

Review for further proceedings with counsel appointed to represent the appellant.  Id. at 311, 29 C.M.R. at 127.

United States v. May, 47 M.J. 478 (C.A.A.F. 1998), further illustrates the relationship between mandatory review under Article 66 and the requirement for the government to provide appellate counsel under Article 70.  In May, the defense appellate team consisted of civilian counsel obtained by the appellant at his own expense and government-furnished military appellate counsel.  Id. at 480.  The civilian counsel, who served as lead counsel, undertook the responsibility for preparing a brief.  Id.  While awaiting civilian counsel's preparation of the brief, military counsel filed seven requests for enlargement with the Court of Criminal Appeals, which were granted.  In the course of granting an eighth request for enlargement, the Court of Criminal Appeals ordered military appellate defense counsel to notify civilian defense counsel that further requests would not be favorably considered absent extraordinary circumstances.  Id.  The court also ordered military appellate defense counsel to prepare to file assignments of error with the court by a date certain "'independent of any assistance or guidance by civilian counsel.'"  Id.  In the meantime, further communications involving the appellant, various military defense counsel, and civilian defense counsel led to additional requests for

9

enlargement, but no filing of a substantive brief. Id. Two
months after denying a request for enlargement, the Court of
Criminal Appeals issued a decision affirming the findings and
sentence. Id. at 481.

On appeal, we considered a number of issues, including
whether the lower court acted properly under the circumstances
of the case. We made the following observations regarding the
powers of the Courts of Criminal Appeals and the role of
counsel: "Although Courts of Criminal Appeals have a broad
mandate to review the record unconstrained by an appellant's
assignments of error, that broad mandate does not reduce the
importance of adequate representation." Id. We also noted that
"[w]here individual civilian counsel's failure to act is working
to the detriment of an appellant, military appellate counsel may
not stand by idly, because they remain responsible for
protecting the interests of their client." Id. We added: "As
officers of the court as well as appellate defense counsel,
military counsel had an obligation to comply with court orders
and protect the interests of their client." Id. at 482. In
that regard, we observed that military appellate counsel could
have pursued a number of options to fulfill their obligations to
the court and their client in the event that civilian counsel
did not make a timely filing. Id. Each of these options would
have provided the court with a filing on the merits, including

the appellant's views, the position of military appellate defense counsel, and pertinent explanatory material regarding the posture of the case.  Id.

In addition to describing the failure of military defense counsel to take appropriate action, we noted:  "Inexplicably, the court below did nothing to enforce its order" that military defense counsel file an assignment of merits by a date certain. Id.  In that context, we concluded that the Court of Criminal Appeals erred in deciding the case "without assistance of counsel" and "that appellant has been denied the assistance of counsel guaranteed by Article 70 and the plenary review contemplated by Article 66."  Id.  We remanded the case to the Court of Criminal Appeals "for plenary review, with assistance of counsel under Article 70, UCMJ."  Id. at 483.


## II.  APPELLATE CONSIDERATION

### A.  PROCEEDINGS BEFORE THE COURT OF CRIMINAL APPEALS

The convening authority took action in this case on August 7, 2006.  After the case was transmitted to the Court of Criminal Appeals for mandatory review, pursuant to Appellant's request for representation made on the day of his trial, Captain (Capt) D was appointed to represent Appellant as military appellate defense counsel.

United States v. Roach, No. 07-0870/AF

1.   The first two requests for enlargement

On November 14, 2006, appellate defense counsel filed a motion for a first enlargement of time, which the lower court granted, establishing a January 13, 2007, filing deadline.  On January 16, 2007, appellate defense counsel filed a motion for a second enlargement of time until February 15, 2007, accompanied by a further motion to submit the enlargement request out of time.  The lower court granted the second enlargement on January 17, 2007.

2.   The third request for an enlargement, accompanied by an alternative request for specified sentence relief

On February 15, 2007, appellate defense counsel filed a motion for a third enlargement.  The motion was signed by both Capt D as "Appellate Defense Counsel" and Lieutenant Colonel (Lt Col) S as "Chief Appellate Defense Counsel."  The third submission requested an enlargement of 120 days until June 15, 2007.  To justify an enlargement beyond the thirty-day period provided under Rule 24.1(b) of the court's rules, the motion stated that counsel "will likely not be able to complete a competent review of Appellant's case within the next thirty days."  The motion cited the "demands of previously docketed cases in the Court of Appeals for the Armed Forces and this Honorable Court [as] preclud[ing] earlier consideration of Appellant's case."

Under the heading "The steps counsel will take to ensure that their brief is filed on or before the date requested," the motion stated that counsel "presently has over 20 cases pending initial assignments of error before this Honorable Court that were initially docketed before Appellant's." The motion promised that counsel "will make every diligent effort to ensure that Appellant's brief is filed on or before the date requested." In that regard, the motion stated that such efforts would include "completing a review of the record of trial, conducting research, and accomplishing any investigation required to resolve a meritorious issue."

The motion also indicated that further requests for enlargement might be forthcoming "given counsel's current workload, and that of the entire division." In addition, the defense requested alternative relief in the form of the options described in United States v. Moreno, 63 M.J. 129, 143 (C.A.A.F. 2006), if the court viewed an enlargement as involving unreasonable delay.

In response to the motion, the Court of Criminal Appeals issued an order on March 2, 2007, providing a limited extension until March 15, with specific requirements. As a predicate for its action, the court observed:

> The sole basis for the delay requested by the
> appellant's counsel appears to be the fact that
> counsel has other cases pending on his docket

13

>     that were received prior to the appellant's case.
>     Counsel has not, however, related any information
>     concerning these other cases that would justify
>     further delay in this case.

After noting that counsel had declined to advise the court as to the views of Appellant on the request for enlargement, the order stated:

>     The Court is unable to determine, on the record
>     before us, that the appellant has been apprised
>     of the status of his case or that he desires any
>     additional time for the filing of his brief.
>     Further, we are unconvinced that the appellant's
>     interests are served by permitting this case to
>     languish while others are processed.

In the course of granting a limited enlargement of time to March 15, the court emphasized that any further requests for time must contain all information required by the court's rules. See A.F. Ct. Crim. App. R. 24.1(b)(2)-(3).

3.   The fourth request for an enlargement, accompanied by an alternative request for specified sentence relief

On March 12, 2007, appellate defense counsel filed a motion for a fourth enlargement of time for a period ending May 14, 2007. As with the prior defense filing, the motion was signed by both Capt D as "Appellate Defense Counsel" and Lt Col S as "Chief Appellate Defense Counsel." The motion noted that counsel had responsibility for over ten cases filed prior to Appellant's case. In all other pertinent respects, the motion repeated verbatim the matter previously offered by counsel for the third enlargement: that counsel would not likely complete

review within the next thirty days, that counsel would take action to complete the case, and that counsel's workload and the workload of the division might require a further extension. In addition, counsel requested relief under Moreno if the court viewed the request for enlargement as involving an unreasonable delay. The motion did not respond to the court's observation, in its March 2 order, that counsel had failed to offer an adequate justification for an enlargement. On March 14, 2007, the court denied Appellant's motion for an enlargement.

4. Appellant's motion to reconsider the order denying the fourth request for enlargement

Over the next five months, the court issued no further orders, and the defense made no further filing. On August 23, 2007, appellate defense counsel filed a motion out of time asking the court to reconsider its March 14, 2007, order denying the defense request for an enlargement of time to submit an assignment of errors, and to grant an enlargement of sixty days, lasting until October 21, 2007. As with the prior defense filings, the motion was signed by both Capt D as "Appellate Defense Counsel" and Lt Col S as "Chief Appellate Defense Counsel." The filing noted that Appellant consented to the motion for enlargement. The filing stated that counsel was responsible for "approximately 4 cases pending initial assignments of error prioritized before Appellant's." The

filing also stated that counsel "will likely not be able to complete a competent review of Appellant's case within the next thirty days." The filing added that the "demands of previously docketed cases in the Court of Appeals for the Armed Forces and this Honorable Court have precluded earlier consideration of Appellant's case." The filing further noted that the "case potentially contains several issues." In that regard, the filing stated: "Specifically, Appellant believes that his counsel may have been ineffective during the post-trial stages of the case, and also challenges the trial counsel's qualifications to serve on the prosecution team."

The Air Force Court of Criminal Appeals denied Appellant's motion on August 30, 2007. In the order denying the motion, the court summarized the history of the case and stated: "[T]he facts remain the same. The record is 81 pages in length and the case involves a two specification guilty plea in a Military Judge alone case." The court further noted that it had already "begun review of this case, therefore a delay till [sic] October is inappropriate." The court added that if appellate defense counsel filed a brief prior to its action, it would be considered.

B. THE DECISION OF THE COURT OF CRIMINAL APPEALS

On September 13, 2007, the Air Force Court of Criminal Appeals issued an opinion affirming the findings and sentence.

16

Roach, 2007 CCA LEXIS 402, at *9, 2007 WL 2790660, at *3-*4. The court stated that "[l]engthy delays in reaching final resolution on adjudged punitive discharges in straightforward cases such as this case do not serve either the interests of the accused or the interests of the Air Force. Therefore this Court is taking action sans a brief [sic] appellate counsel." Id. at *3, 2007 WL 2790660, at *1 The court explained that after denying appellate defense counsel's request for a fourth enlargement of time on March 14, 2007, the court "completed its review in the normal course of appellate review based upon the Court's workload and the Rules of Practice and Procedure." Id. at *2, 2007 WL 2790660, at *1.

The court stated that it could not discern whether the failure of appellate defense counsel to file a brief was due to "deficiency of counsel, a strategy to create an issue, or a delay tactic for the benefit of their client." Id. at *7-*8, 2007 WL 2790660, at *3. The court concluded that the interplay between Article 66, UCMJ, and the court's own rules of practice and procedure meant that if defense counsel did not file a brief, the court could presume the case was submitted on the merits. Id. at *7, 2007 WL 2790660, at *3.

The court conducted its own review of the record of trial and discussed two issues in Appellant's case. First, with respect to the failure of the assistant trial counsel to take

the oath required by Article 42, UCMJ, 10 U.S.C. § 842 (2000), the court concluded that the error was not jurisdictional, nor did it materially affect the substantial rights of the accused. Id. at *4-*6, 2007 WL 2790660, at *2.  The court also rejected Appellant's argument that trial defense counsel erred in failing to raise this technical issue in Appellant's clemency petition. Id. at *6, 2007 WL 2790660, at *2.

Second, the court discussed whether appellate defense counsel's failure to file a timely brief constituted ineffective assistance of counsel.  Id. at *6-*8, 2007 WL 2790660, at *3. The court explained that it considered the case submitted on the merits despite counsel's failure to submit a brief, and concluded that submitting the case on its merits did not fall "'below an objective standard of reasonableness'" under Strickland v. Washington, 466 U.S. 668, 688 (1984).  Id.  The court further held that even if counsel's performance was deficient in not filing a brief, the error was not prejudicial because Appellant still received the benefit of the appellate process.  Id. at *8, 2007 WL 2790660, at *3 (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).  The court noted that because it had conducted an Article 66, UCMJ, review and found no errors, Appellant was not prejudiced by appellate defense counsel's failure to file a brief in the context of a brief record and Appellant's guilty plea.  Id. at *6-*8, 2007 WL

18

2790660, at *3. Accordingly, the court approved the findings and sentence.

### C. FURTHER FILINGS REGARDING THE PROCEEDINGS BEFORE THE COURT OF CRIMINAL APPEALS

On September 17, 2007, Appellant submitted a petition for grant of review by this Court signed on his behalf by Capt D. All subsequent submissions by the defense were filed by appellate defense counsel different from the counsel who had represented Appellant before the Court of Criminal Appeals. The new appellate defense counsel submitted the petition supplement on October 17, 2007. The defense petition supplement asserted that if the defense had submitted a brief before the lower court issued its opinion, the defense would have raised two issues:

> (1) whether the military judge erred by accepting his plea of guilty to the willfullness component of Charge II in light of the military judge's failure to explain to him the potential voluntary intoxication defense; and (2) whether the enormous disparity between his sentence and that of his co-actor, A1C Neff, warranted reduction of Appellant's sentence.

Appellant asserted that his sentence, which included a bad-conduct discharge, was inappropriate because his alleged "co-accused" did not receive a punitive separation. The sentence appropriateness issue had not been raised by appellate defense counsel in any of the submissions to the court below. Subsequently, Appellant submitted a further issue pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), asserting

that the convening authority erred by failing to grant Appellant's supplemental clemency request seeking release from confinement following his wife's miscarriage.  United States v. Roach, 66 M.J. 109, 110 (C.A.A.F. 2008) (granting motion).

The defense subsequently filed affidavits from both of the counsel who had represented Appellant before the Court of Criminal Appeals.  Roach, 66 M.J. at 110 (granting defense motion to attach).  Capt D stated in his affidavit:  "Due to my caseload and my prioritization of my cases, I never read the transcript in the Roach case."  Lt Col S, who identified himself as the person responsible for supervising and assigning counsel within the Appellate Defense Division, stated:  "I did not, and have not now, read the record of trial."  Neither affidavit offered any further explanation for the five-month period of inactivity after the lower court's order denying the request for a fourth enlargement or for the decision not to give priority attention to Appellant's case in light of the orders issued by the lower court.  Neither affidavit asserted that CPT D, as counsel, requested additional assistance to ensure a timely filing, or that Lt Col S, as supervisory counsel, lacked sufficient resources to provide such assistance.  The defense also subsequently filed an affidavit from Colonel M, an Air Force Reservist, who stated that she had been given the record to review sometime between August 20, 2007 and August 23, 2007.

She stated that she had not read the record before she learned that the lower court had decided the case.  United States v. Roach, 66 M.J. __ (C.A.A.F. 2008) (Apr. 24, 2008 order granting defense motion to attach).


### III.  DISCUSSION

Appellant requested representation under Article 70, UCMJ, on the day of his court-martial.  Over the next year, counsel appointed to represent him under Article 70 not only failed to file a brief on his behalf under Article 66, they also failed to provide the Court of Criminal Appeals with timely or informative explanations for their inaction.  Appellate defense counsel's filings consisted of rote comments about first-in-first-out prioritization, reference to the number of pending cases unaccompanied by any explanation as to the significance of those numbers, and vague references to the workload of defense counsel and the work of the division without any information demonstrating that the entire Appellate Defense Division was incapable of providing timely appellate representation.

The actions and omissions were taken at a time when Appellant was represented by an attorney who was under the direct supervision of the Chief Appellate Defense Counsel. According to the affidavits filed by both counsel, neither one read the record of trial in this case during the entire period

21

that it was under consideration by the Court of Criminal Appeals, a case involving a guilty plea in which the transcript of the three hour trial consisted of eighty-one pages, with no defense motions before, during, or after trial.

The decisions in Bell and May reflect our understanding that the Courts of Criminal Appeals have broad powers to issue orders to counsel to ensure the timely progress of cases reviewed under Article 66. May, 47 M.J. at 481-82; Bell, 11 C.M.A. at 309, 29 C.M.R. at 125. These cases also underscore that such actions must be taken in a manner consistent with the requirements of Article 70, UCMJ. May, 47 M.J. at 481; Bell, 11 C.M.A. at 309-10, 29 C.M.R. at 125-26. When counsel appears to be unresponsive, the court has a variety of actions it may take, including: (1) holding a status conference with the parties to inquire into the reason for the delay in filing; (2) ordering appellate defense counsel to show cause as to why they could not file their brief on time; (3) warning counsel that flagrant disregard of the court's rules for timely filing of briefs could result in suspension or disbarment from practice before the court; (4) asking the Judge Advocate General to direct the assignment of additional or substitute counsel; or (5) appointing another member of the bar to represent the appellant on a pro bono basis. See May, 47 M.J. at 482; United States v.

22

Ortiz, 24 M.J. 323, 325 (C.M.A. 1987); Bell, 11 C.M.A. at 309-10, 29 C.M.R. at 125-26.

Such actions are particularly important when it is unclear, as in this case, whether the failure to file a brief is a result of (1) appellate defense counsel's individual inability or unwillingness to familiarize himself with the case prior to the filing deadline, (2) appellate defense counsel's unwillingness to file a brief raising substantive issues, (3) staffing shortages in the Appellate Defense Division, (4) improper supervision of the Appellate Defense Division, or (5) a deliberate tactical decision by appellate defense counsel not to file the brief in order to create an appellate issue.

Irrespective of the reason for not filing a brief, however, our cases underscore that when an appellant has requested representation that does not appear to be forthcoming, the court must ensure that military counsel are performing their primary obligation "to comply with court orders and protect the interests of [the] client." See May, 47 M.J. at 482. Although the Courts of Criminal Appeals have a de novo power to review the merits of cases, they do not possess a duty of loyalty to the client or a duty to zealously represent the interests of the client. These duties help underpin the rigor and validity of the adversarial process of justice. Moreover, it is in drafting a brief that counsel will often identify issues and formulate

23

arguments to bring to the court's attention.  If the court determines that circumstances warrant proceeding without a brief filed by appointed military appellate counsel, the court must first provide adequate notice to the appellant so that the appellant can determine whether to request substitute counsel under Article 70, obtain civilian counsel at the appellant's expense, or waive the right to counsel and proceed pro se.  See, e.g., Bell, 11 C.M.A. at 310, 29 C.M.R. at 126.  The one aspect of this record that is clear is that the court below proceeded to decide Appellant's case without providing such notice.  In so doing, the lower court assumed the existence of a merits submission and proceeded to decide the case without the requisite notice to Appellant.  Where appellate defense counsel made multiple requests for extension of time and those filings raised substantive issues of concern, the lower court erred in presuming a merits submission.  Cf. United States v. Adams, 59 M.J. 367, 371 (C.A.A.F. 2004) (concluding that the appellant was not unrepresented because counsel had made the deliberate decision to submit the case on its merits).

Although we understand the lower court's concern about the circumstances related to timely appellate review, there is no indication on the record that Appellant personally bears any responsibility for these circumstances of concern.  Moreover, as we noted in Bell, even when difficulties in the relationship

between Article 70 counsel and an appellant may be attributable to an appellant, the appellant must still be given a reasonable opportunity to proceed in an alternative fashion with substitute counsel, retained counsel, or pro se.  Bell, 11 C.M.A. at 310-11, 29 C.M.R. at 126-27.

As in Bell and May, the issue before us is not whether Appellant was deprived of his Sixth Amendment right to the effective assistance of counsel under Strickland, 466 U.S. 668, but whether the court below ensured that the Government provided Appellant with representation under Article 70.  The error in this case is that the court below proceeded to decide the case without taking the steps required under Bell and May.

Under these circumstances, we need not resolve the questions left unanswered by the court below as to why a brief was not filed in this case; nor need we determine whether the lower court's error in failing to provide notice to Appellant was inherently prejudicial or whether it should be tested for specific prejudice.  Cf. Flores-Ortega, 528 U.S. at 483 (discussing prejudice in the context of a Sixth Amendment ineffective assistance of counsel claim, and citing Penson v. Ohio, 488 U.S. 75, 88-89 (1988); United States v. Cronic, 466 U.S. 648, 650 (1984); Smith v. Robbins, 528 U.S. 259, 286 (2000)).

In remanding the case, we emphasize that the Court of Criminal Appeals may set and enforce deadlines. If the Court of Criminal Appeals encounters similar delays during further proceedings, it should consider the methods identified in this opinion to determine the nature of the problem, ensure that Appellant understands the available options, and take appropriate action, including requiring that the Judge Advocate General appoint additional or substitute counsel if necessary. In view of appellate defense counsel's repeated reference to the workload of the Appellate Defense Division during prior consideration of this case at the Court of Criminal Appeals, the Court of Criminal Appeals upon remand should ensure that Appellant receives conflict-free counsel under Articles 66 and 70, UCMJ, during further review of this case.


## IV.  DECISION

The decision of the Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for plenary review with assistance of counsel under Article 70, UCMJ, 10 U.S.C. § 870 (2000). Thereafter, Article 67, UCMJ, 10 U.S.C. § 867 (2000), will apply.

United States v. Roach, No. 07-0870/AF

STUCKY, Judge, with whom RYAN, Judge, joins (dissenting):

Citing United States v. Bell, 11 C.M.A. 306, 29 C.M.R. 122 (1960), and United States v. May, 47 M.J. 478 (C.A.A.F. 1998), the majority asserts that the issue before the Court "is not whether Appellant was deprived of his Sixth Amendment right to the effective assistance of counsel under Strickland, 466 U.S. 668, but whether the court below ensured that the Government provided Appellant with representation under Article 70." United States v. Roach, __ M.J. __ (25) (C.A.A.F. 2008). It then holds that the United States Air Force Court of Criminal Appeals (AFCCA) failed in its duty. Id.

We granted review of two issues: (1) whether the AFCCA erred by deciding Appellant's case in the absence of a substantive submission on Appellant's behalf; and (2) whether the AFCCA erred by failing to conclude that appellate defense counsel were ineffective. Rather than answering these granted issues, the majority frames a different issue that improperly imposes a duty on the Courts of Criminal Appeals contrary to the precedents of this Court and the Supreme Court. Therefore, I dissent.

I.

On the day of trial, June 20, 2006, Appellant signed a request for appellate defense counsel to represent him before the AFCCA. The record of trial was received by the Air Force

Appellate Defense Division on August 16, 2006, and Lieutenant Colonel (Lt Col) S, Deputy Chief, Appellate Defense Division, assigned the case to Captain (Capt) D.  Appellate defense counsel failed to file their brief within the ninety days allotted, A.F. Ct. Crim. App. R. 15(b), but did request two enlargements of time.  The AFCCA granted both enlargements of time such that the brief was required to be submitted by February 15, 2007.

On that date, Capt D and Lt Col S moved to submit an enlargement of time out of time, requesting an additional enlargement of 120 days.  As this was the third requested enlargement of time and the asserted reason was other litigation, counsel were required to disclose whether Appellant concurred in the requested delay, A.F. Ct. Crim. App. R. 24.1b(3), and to specifically explain the number and types of their other cases and the courts involved.  A.F. Ct. Crim. App. R. 24.1(b)(2).  Capt D and Lt Col S asserted that, "absent client consent, counsel is unable to answer this Honorable Court's request for an averment of prior coordination."  They challenged the Air Force Court to either grant the request for enlargement or grant Appellant relief from his sentence under United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006), "to remedy the denial of speedy post-trial processing."

The AFCCA issued an order on March 2, 2007, in which it observed that the case had been with the Appellate Defense Division for more than six months, the record of trial was only eighty-one pages long and contained only seventeen exhibits, the sole basis for the enlargement request was counsel's other pending cases, and counsel had neither provided the required information concerning the other pending cases to justify the requested enlargement of time nor indicated that Appellant concurred in the request for enlargement. Nevertheless, the court granted an enlargement until March 15, 2007, but ordered counsel to provide the information missing from the requested enlargement.

On March 12, 2007, Appellant's counsel requested an additional enlargement of time for sixty days, noting that this was the fourth request for enlargement and approximately 190 days had elapsed since initial docketing of the case. He claimed that he then had ten other cases pending, but provided no details despite the court's order to do so. The AFCCA denied the motion for enlargement of time on March 14, 2007.

On August 23, 2007, more than five months later, and more than a year after Capt D was assigned to the case, he and Lt Col S filed a motion out of time for reconsideration of the denial of his fourth request for enlargement and another request for enlargement of time. They requested sixty more days to file a

3

brief, stating that they could "now aver that Appellant allows him to file requests for enlargements on his behalf." Capt D and Lt Col S asserted that Capt D then had approximately four cases pending that, apparently, he and Lt Col S had determined to be higher priority, but provided no further details. They noted that "Appellant believes that his counsel may have been ineffective during the post-trial stages of the case, and also challenges the trial counsel's qualifications to serve on the prosecution team."

On August 30, 2007, the AFCCA denied Appellant's motion, stating it had already begun review of the case. However, the AFCCA encouraged appellate defense counsel to file a brief: "If a brief from Appellant is received prior to action by this Court, it will be considered." No brief was filed.

The AFCCA affirmed the findings and sentence approved by the convening authority on September 13, 2007, almost thirteen months after the case was received by the Appellate Defense Division and assigned to Capt D. United States v. Roach, ACM No. S31143, 2007 CCA LEXIS 402, *9, 2007 WL 2790660 *3-*4 (A.F. Ct. Crim. App. Sept. 13, 2007) (per curiam) (unpublished). Finding Appellant had failed to show good cause for a new sixty-day period for filing a brief, the AFCCA decided the case without the brief. Id. at *3, 2007 WL 2790660, at *1. Citing A.F. Ct. Crim. App. R. 15(b) and 15.4, the AFCCA said that "it

4

is clear that if no brief is filed by appellate defense counsel then it is presumed to constitute a submission on the merits." Id. at *7, 2007 WL 2790660 at *3.

The AFCCA examined both of the issues mentioned by appellate defense in the motion for reconsideration as possible issues in the case -- the qualifications of assistant trial counsel and the effectiveness of trial defense counsel for not raising the issue in clemency. Id. at *4-*6, 2007 WL 2790660 at *2. The court also examined Capt D's failure to file a brief for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984):

> Despite the clear expression by the appellant that he desired to be represented by counsel before this Court, we do not presume a breach of the reasonableness standard. The unique stature of this Court and the Court rules themselves make that issue more complex and the presumption impossible to reach. Under Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1), this Court is required by law to review the appellant's case once referred to the Court by the Judge Advocate General. That referral has occurred. Appellate defense counsel is well aware of our obligation. In addition, under Rules 15(b) and 15.4 of this Court's Rules of Practice and Procedure, it is clear that if no brief is filed by appellate defense counsel then it is presumed to constitute a submission on the merits. Considering the extremely limited record in this case and the lack of any substantive issues, a submission on the merits is reasonable. As for the failure to expressly file a merits brief, it is impossible to speculate whether we have a deficiency of counsel, a strategy to create an issue, or a delay tactic for the benefit of their client. See [Roe v. ]Flores-Ortega, 528 U.S. [470,] 484 [2000]. Thus we do not find that the appellant has met his burden of establishing a breach of the standard. Nevertheless, we looked to the second prong

5

> of the Strickland analysis. Having done so, we also
> find no prejudice to the appellant. Notwithstanding
> appellate defense counsel's failure to file a brief,
> the appellant in this case still actually received the
> benefit of the appellate process. There is no evidence
> to support a contention that this appellate proceeding
> is "unreliable or entirely nonexistent" as was the case
> in Flores-Ortega. Id. We have reviewed the entire
> Record of Trial for errors and find none. The
> appellant pled guilty. The trial lasted less than
> three hours in length before a certified military judge
> and trial defense counsel made no objections or motions
> before, during, or after the trial.

Id. at *7-*8, 2007 WL 2790660, at *3 (footnotes omitted).

We granted Appellant's motion to admit declarations from Capt D, Lt Col S, and Colonel (Col) M, a reservist also assigned to the Appellate Defense Division. Capt D stated that, although he was detailed appellate defense counsel for Appellant, he did not read the record of trial before the AFCCA affirmed the findings and sentence. "When AFCCA decided the case, the defense copy of the record of trial was not in my possession because it had been sent to a reservist to review." Lt Col S, the Deputy Division Chief, Appellate Defense Division, stated that he assigned Appellant's case to Capt D, that he signed each request for enlargement and the motion for reconsideration as a supervisory appellate defense counsel, but that he did not read

the record of trial. Col M said she "was given the record of

trial" in this case between August 20 and August 23, 2007, but

had neither read the record nor communicated with Appellant.[1]

## II.

"Appellate defense counsel shall represent the accused

before the Court of Criminal Appeals . . . when requested by the

accused," Article 70(c)(1), Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 870(c)(1) (2000), and Appellant so requested

on the day of his trial. This Court has interpreted an

appellant's statutory right to appellate counsel under Article

70, UCMJ, to mean the effective representation by counsel

through the entire period of review following trial. Diaz v.

Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.A.A.F.

2003); accord United States v. Adams, 59 M.J. 367, 370 (C.A.A.F.

2004).

Appellate courts may be the guardians of an appellant's

Article 70, UCMJ, right to be represented by counsel on appeal;

contrary to the majority opinion, however, compliance with

Article 70, UCMJ, depends on appellate defense counsel's

performance, not on the performance of the AFCCA. Compare

---

[1] The declarations of Capt D, Lt Col S, and Col M are relatively
unhelpful. It is unclear, for instance, whether the case was
ever actually reassigned to Col M. The declarations of Capt D
and Lt Col S also fail to mention any communications they may
have had with Appellant, although that would obviously be of

Article 70, UCMJ, with Article 66, UCMJ, 10 U.S.C. § 866 (2000). To resolve issues of appellate defense counsel's performance, "we are guided by the Supreme Court's two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984)." Adams, 59 M.J. at 370; accord United States v. Miller, 63 M.J. 452, 455-56 (C.A.A.F. 2006); see Roe v. Flores-Ortega, 528 U.S. 470, 477-87 (2000) (vacating the judgment of the lower court that had held counsel's failure to file a notice of appeal without the appellant's consent was sufficient to grant him a right to a new appeal, and holding that the Strickland test is the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to obtain the appellant's consent).[2] The Strickland test provides:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

466 U.S. at 687.

---

interest to an appellate court. See May, 47 M.J. at 482. Col M denied ever communicating with Appellant.

[2] While recognizing the difference between failing to file a notice of appeal in civilian court and failing to file a brief in a military appellate court, the Flores-Ortega opinion is helpful in analyzing the granted issues.

The majority's reliance on Bell and May is misplaced. First, those cases were decided before the Supreme Court resolved how to handle deficient appellate counsel performance in Flores-Ortega. Second, the procedural posture of those cases was different, as was the degree to which the appellants were represented by counsel. Bell's "obstreperous . . . . conduct caused two qualified defense counsel to request relief from assignment to avoid compromising their standings as lawyers." Bell, 11 C.M.A. at 308, 29 C.M.R. at 124. The Board of Review relieved the counsel and decided the case without notifying the appellant. Id. at 309, 29 C.M.R. at 125. Thus, at the time of his appeal, Bell was totally unrepresented. In May, the appellant's trial defense counsel alleged three errors in his post-trial submissions. 47 M.J. at 479. Neither the appellant's civilian nor military appellate counsel filed a brief on appeal, so none of those issues was presented to the Court of Criminal Appeals. Id. at 480. This Court held that May was, in effect, unrepresented by counsel and prejudice was, therefore, presumed. Id. at 481.

This case is different. Appellant was represented by appellate defense counsel who continued to submit matters to the AFCCA up until the court rendered its decision. Although Appellant's counsel never filed a formal brief, the AFCCA reviewed at length both of the issues Appellant raised.

Appellant was represented by counsel and, therefore, his case should be analyzed under the Strickland standard.  See Flores-Ortega, 528 U.S. at 478.

### III.

### A.

The first prong of the Strickland standard requires an appellant to "show that counsel's representation fell below an objective standard of reasonableness. . . . under prevailing professional norms."  466 U.S. at 688.  In Flores-Ortega, the Supreme Court refused to adopt a bright-line rule that, unless an accused instructs him otherwise, counsel's failure to file a notice of appeal is per se objectively unreasonable.  528 U.S. at 478.  Instead, the Court affirmed the applicability of the Strickland standard for deficient performance -- whether counsel's performance "'was reasonable considering all the circumstances.'"  Id. (quoting Strickland, 466 U.S. at 688).  The circumstances the Supreme Court considered included whether counsel consulted with the accused -- "advising the [accused] about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's express instructions."  Id.  If counsel consulted with the accused, his performance is objectively unreasonable "only by failing to follow the [accused's] wishes."  Id.

10

The record does not establish whether Capt D or Lt Col S consulted with Appellant within the meaning of Flores-Ortega. Despite the importance of the issue, appellate defense counsel's declarations are not helpful in determining whether, and to what extent, counsel even communicated with Appellant. The August 23, 2007, defense submission to the AFCCA suggests that counsel had contacted Appellant so as to receive permission to tell the court that Appellant agreed to the requested enlargements of time and to receive Appellant's request to raise two issues on appeal. But that is not sufficient to establish consultation as defined in Flores-Ortega. Col M asserts she had no communications with Appellant.

If an appellate defense counsel does not consult with the accused, his performance is objectively unreasonable "when there is reason to think either (1) that a rational accused would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular [accused] reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. Appellant reasonably expressed his interest in appealing by signing the request for appellate counsel at trial and by advising counsel of the two issues he wanted raised to the AFCCA. Yet neither Capt D nor Lt Col S reviewed the record to see if it supported Appellant's claims.

In fact, they even failed to submit a Grostefon[3] brief listing the issues Appellant wanted raised. Instead, they merely listed the issues in a request for reconsideration. Under the circumstances, I conclude that the performance of Capt D and Lt Col S was deficient; it was objectively unreasonable for them not to timely file a brief.

B.

The second prong of the Strickland test, which requires Appellant to establish prejudice, focuses on the reliability of the proceeding as a whole. See Flores-Ortega, 528 U.S. at 483; United States v. Cronic, 466 U.S. 648, 659 (1984). Normally, there is a strong presumption of reliability in judicial proceedings that an accused must overcome by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has identified three circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," Cronic, 466 at 658: (1) if there is a "complete denial of counsel"; 2) "if

---

[3] United States v. Grostefon, 12 M.J. 431, 435-36 (C.M.A. 1982).

12

counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) if counsel is called upon to render assistance where competent counsel very likely could not have rendered effective assistance. Id. at 659-61.

When an accused establishes that "he was -- either actually or constructively -- denied the assistance of counsel altogether. . . . 'no specific showing of prejudice is required,' because 'the adversary process itself [is] presumptively unreliable.'" Flores-Ortega, 528 U.S. at 483 (quoting Cronic, 466 U.S. at 659). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. In such a case, the accused need not "demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." Id. at 486. Instead, he is required to show that "but for counsel's deficient conduct, he would have appealed." Id.

In Flores-Ortega, "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." Id. at 483. This appellant, however, was not denied an appeal. The AFCCA considered, analyzed, and rendered

13

judgment on the two issues Appellant raised and one issue it
raised sua sponte.  The AFCCA also complied with its statutory
duty to

> affirm only such findings of guilty and the sentence
> or such part or amount of the sentence, as it finds
> correct in law and fact and determines, on the basis
> of the entire record, should be approved.  In
> considering the record, it may weigh the evidence,
> judge the credibility of witnesses, and determine
> controverted questions of fact, recognizing that the
> trial court saw and heard the witnesses.

Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).  It reviewed the
case for legal and factual sufficiency and considered the legal
errors Appellant alleged.

IV.

As Appellant was not denied an appeal, he has the burden of
demonstrating that his counsel's deficient performance
prejudiced his defense -- "that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."
Strickland, 466 U.S. at 694.  Appellant has failed to do so.

As the majority notes, Appellant's new defense counsel
claim they would have raised two issues on appeal had they been
given the opportunity to do so:  (1) the plea was improvident
because the military judge failed to explain the defense of

voluntary intoxication; and (2) the enormous disparity in the sentence imposed on his co-actor warranted a reduction in Appellant's sentence.

A.

Voluntary intoxication is not a defense, but may be introduced for the purpose of raising a reasonable doubt as to the existence of actual knowledge or specific intent if either is an element of the offense. Rule for Courts-Martial 916(l)(2). To raise the issue, there must be some evidence that the intoxication was of a severity as to render the appellant incapable of having the requisite knowledge or of forming the specific intent. United States v. Peterson, 47 M.J. 231, 234 (C.A.A.F. 1997).

In the early morning hours of October 13, 2005, Appellant consumed a large quantity of alcoholic beverages eventually causing him to pass out for approximately ninety minutes. After awakening, he directed another airman to drive him to a downtown apartment building, where he got out of the vehicle and walked around the neighborhood. He was eventually stopped and interrogated by police officers. After his release, he directed the airman to drive him to another location where Appellant again left the vehicle. Appellant returned with a woman. They drove to an ATM where Appellant withdrew money from his bank

account using his government travel card.  Appellant paid the woman $40 in exchange for a rock of cocaine, which he showed the other airman how to smoke.

While the military judge did not specifically discuss involuntary intoxication with Appellant, she did ensure that his plea was provident.  During the providence inquiry, Appellant told the military judge that he knew at the time that he was using cocaine and had no legal justification for doing so; he knew that his use of cocaine was a violation of the law; despite his drinking, he remembered making a conscious choice to use cocaine; he knew what he was doing when he used the cocaine and could have avoided using the cocaine if had wanted to do so. Under these circumstances, the military judge was not required to discuss how the issue of voluntary intoxication could affect Appellant's plea.

### B.

Appellant's sentence is not "highly disparate" when compared to that of Airman First Class (A1C) Neff and there are rational reasons for any difference.  See United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F. 1999).  It would have been apparent to the AFCCA from its review of the record that Appellant's sentence was not disproportionate to A1C Neff's.  After all, Appellant orchestrated the use of cocaine.  He outranked A1C Neff, directed A1C Neff to drive them to the place where

Appellant located the drug dealer who provided the cocaine, used his government travel card to obtain funds for purposes other than official travel, provided funds to the drug dealer to purchase steel wool for the crack pipe, and showed A1C Neff how to use the crack pipe to smoke the cocaine.

The AFCCA was also aware of A1C Neff's sentence. Appellant described it in his unsworn statement as being confinement for one month, hard labor without confinement for ninety days, forfeiture of $325 pay per month for six months, a reprimand, and reduction to E-1, specifically noting that A1C Neff did not receive a bad-conduct discharge. While the AFCCA did not discuss the issue, it concluded that the sentence was correct in law and fact. Roach, 2007 CCA LEXIS 402, at *9, 2007 WL 2790660, at *3. Under the circumstances, that is sufficient. There is no evidence to warrant a reduction in Appellant's sentence.

Appellant failed to demonstrate prejudice -- that there was a reasonable probability that but for his counsel's deficient performance his sentence would have been different. Therefore, the decision of the AFCCA should be affirmed.

V.

In Moreno, this Court held that "[d]ue process entitles convicted service members to a timely review and appeal of court-martial convictions." 63 M.J. at 132. We expressed

concern that "[t]here is no evidence in this case that the numerous requests for delay filed by appellate defense counsel benefited Moreno or that Moreno was consulted about and agreed to these delays." Id. at 137. This Court established "a presumption of unreasonable delay where appellate review is not completed and a decision is not rendered within eighteen months of docketing the case before the Court of Criminal Appeals." Id. at 142.

We warned the Courts of Criminal Appeals that we expected them "to document reasons for delay and to exercise the institutional vigilance that was absent in Moreno's case." Id. at 143. Through its court rules, the AFCCA attempted to document these delays and undertake the institutional vigilance necessary to ensure Appellant received a timely appeal. The majority permits appellate counsel to frustrate that plan by refusing to file a brief or to adequately document the reasons for not doing so. Therefore, I dissent.