UNITED STATES, Appellee,

v.

John E. MILLS, Private U.S. Marine Corps, Appellant.

No. 40,887.

NCM 80 1774.

U. S. Court of Military Appeals.

Jan. 18, 1982.

For Appellant: *Captain E. A. Burnette, USMC* (argued).

For Appellee: *Lieutenant William Eric Minamyer,* JAGC, USNR (argued); *Commander T. C. Watson, Jr.,* JAGC, USN.

Opinion of the Court

EVERETT, Chief Judge:

Rules 17 and 18, Rules of Practice and Procedure, United States Court of Military Appeals, contemplate that a petition for review should be filed directly with this Court in order to avoid possible delays that might otherwise occur while petitions make their way to us through military channels. Unfortunately, the import of these rules—which marks a change from an earlier procedure under which it sufficed for an accused to place his petition in official channels—may not have been fully appreciated in the field.[1] Indeed, the number of petitions for review that have reached us after being delivered initially to legal offices at military installations has made it appear

---

1. We recognize that the earlier procedure under which petitions for review might be deposited in official channels—for example, by delivery to the office of the staff judge advocate of the command in which the trial had occurred—sometimes had the advantage of making the local command immediately aware if a petition had been filed before expiration of the 30-day statutory period. Of course, if the petition were not filed during that period, appellate review would be complete and a punitive discharge could be executed.

probable that accused persons served with decisions of the Courts of Military Review in their cases have sometimes received inadequate or ambiguous instructions as to where the petition should be filed.

In the case at hand, the instructions provided to appellant possessed a considerable potential for confusing him as to the manner in which his petition for review should be filed. Those instructions first notified Mills of the Navy Court of Military Review decision in his case. Then he was referred to a "white card" which "is a receipt for this action, to be signed by you and mailed to the Judge Advocate General of the Navy." Next the instructions noted that:

3. Immediately behind the white card are two copies of the Court of Military Review Decision. As noted at the bottom, one copy is for your official records, the other is for you to retain. On the copy which reads "Copy for the Accused's Service Record" at the bottom, please fill in the date you received this decision; under "Receipt," sign above the line where it states "Signature of Accused," and put that copy in the enclosed, self-addressed envelope and place it in the United States Mail, no stamp required.

Thereafter, the instructions advised:

4. As you can see, the Court of Military Review affirmed your conviction on 13 February 1981. Under the provision of the Uniform Code of Military Justice, Article 67(c), and paragraph 100(c)(1) of the Manual for Courts-Martial, U.S. 1969 (Rev.), you are advised that you have thirty days from the date you were notified of the Court of Military Review Decision to petition the United States Court of Military Appeals for grant of review with respect to any matter of law. Should you decide to petition the U.S. Court of Military Appeals, take the white copies of your petition to the nearest Marine Corps Recruiting Officer in order that he may assist you in completing the

forms and witness your signature. After this is done, attach those documents to the attached letter from you to the Court of Military Appeals and forward them in the second enclosed envelope to the Court of Military Appeals.[2]

Finally, the instructions suggested that if Mills had any questions, he should contact the Staff Judge Advocate, 2nd Marine Division, at a designated phone number.

Appellant's petition for grant of review was received in the Office of the Clerk of this Court in an envelope postmarked at Camp Lejeune, North Carolina, on April 15, 1981. In that petition, appellant indicated that he had been notified of the decision by the Court of Military Review on March 5, 1981, and had mailed his petition to this Court on April 3, rather than on the postmarked date. After the Court issued an order for Mills to show cause why his petition should not be dismissed as untimely, he stated through his counsel that he had signed his petition on April 3, 1981, and "that . . . his girlfriend put the petition in the mail" on that same date in the civilian community of Jacksonville, North Carolina. Moreover, he asserted that, "[a]fter completing the petition he went to a recruiter who assisted him in assembling the papers to mail"; then one envelope was sent to Camp Lejeune and the other to the Court of Military Appeals. "As the recruiter advised him what to put in each envelope, he was not sure whether he put the petition and copies in the one addressed to Camp Lejeune or the Court of Military Appeals." According to appellate defense counsel, "It is apparent from the postmark that the petition was inadvertently mailed to the wrong place initially."

Despite extensive oral argument, the facts are shrouded in mystery. Since the copy of instructions which has now been filed with our Court has a stamped date of March 5, 1981, and presumably the original

2. The Government has informed the Court that the portion of the instruction in which Mills was told to contact a recruiter for assistance in completing the forms is an unusual instruction to an accused and has now been deleted from

the standard instructions sent by the 2nd Marine Division, the organization which served on appellant the decision of the Court of Military Review.

was mailed to Mills on that date, it would be truly extraordinary if appellant received the document on the same day—especially since it was addressed to him at an address in Owings Mills, Maryland.[3] The Camp Lejeune postmark on the letter addressed to the Court seems more consistent with appellant's explanation that originally he mailed the petition for review in the envelope addressed to the 2nd Marine Division at Camp Lejeune and that it was then remailed to our Court than with any other hypothesis.[4] Although the Government complains that appellant has not identified the recruiter who allegedly advised him, his consultation of a recruiter does not seem implausible in light of the advice contained in the instructions that he do so.[5]

▬ Under the circumstances, appellant may have been the victim of a misunderstanding directly or indirectly engendered by those responsible for serving upon him the decision of the Court of Military Review. Moreover, the Government has not disproved his assertion that on April 3, 1981—within the thirty-day statutory period from service—he mailed the petition to the office which had been entrusted with the responsibility for serving the decision of the Court of Military Review on him. Accordingly, his petition for review should be accepted. Furthermore, in light of what appears to be a fairly widespread misconception of the intent of our Court's Rules, we shall accept petitions in other cases if it appears that within thirty days from service the appellant has mailed or delivered his petition for review to the office of the staff judge advocate who served the decision upon him or to some other military legal office, unless the Government estab-

lishes that the appellant was clearly and unmistakably informed that he could only submit the petition for review directly to our Court and that mailing or delivering it anywhere else would not comply with our Rules.

Our Rules of Practice and Procedure now are undergoing study with a view to possible revision. Perhaps such a revision will include a change in the method of filing petitions for review with our Court. Meanwhile, however, we anticipate that every effort will be made by the Judge Advocates General to develop and utilize procedures and instructions which facilitate compliance with our Rules.

The petition in this case is accepted as timely and counsel for the accused shall comply with Rule 17(d).

Judge FLETCHER concurs.

COOK, Judge (concurring in part and dissenting in part):

Rules 17 and 18 of this Court's Rules of Practice and Procedure provide that a petition for grant of review by, or on behalf of, the accused may be filed by direct delivery to the Court or by mailing the petition to the Court. The rules changed the prior practice which authorized placement of the petition in military channels.

Although the change in the filing practice was made more than four years ago, a considerable number of petitions still reach us through military channels with the actual filing in this Court after the 30-day period an accused has to petition for grant of

---

3. Since March 5th was a Thursday, appellant might not have received the package before March 9th or even later.

4. April 15, 1981, the postmarked date, is a Wednesday, but if the letter was mailed at a mailbox, it may have been deposited in the United States mails one or more days before that date. Our Rules contemplate that the date of deposit in the mails is decisive for purposes of determining whether an appellant has filed his petition within 30 days. *Cf.* Rule 17(a). Apparently official envelopes are sometimes

supplied to an accused for use in mailing a petition to our Court, and we understand that frequently such envelopes are not postmarked by the postal service.

5. In providing instructions to an accused as to the steps to take in deciding whether to petition for review, it would not be amiss to suggest that he contact his original defense counsel or appellate defense counsel, who would advise him without charge, or a civilian attorney, whom he could consult at his own expense.

review.[1] Also many petitions are mailed in preaddressed official envelopes, which, in place of a postage stamp, bear the standard government-use legend, "Postage and Fees Paid," along with the Service Department's title; envelopes of this kind do not always bear a cancellation postmark with the date of receipt in postal channels. *See United States v. Zgaljic*, 10 M.J. 332 (C.M.A.1981); *United States v. Vandenheuvel*, 10 M.J. 291 (C.M.A.1981).

Since its first term,[2] the Court has been disinclined to hold an accused accountable for actions of government authorities that operate to disadvantage him, without his knowledge and consent, in respect to exercise of his right to seek review of his conviction by this Court. I join my Brothers, therefore, in requesting the Judge Advocates General to aid the Court by strengthening the procedures in their respective services by which accused, eligible to petition this Court, are apprised of, and assisted in, the appellate process in such ways as will tend to reduce—and hopefully eliminate—the problems noted. However, I disagree with one aspect of the majority opinion.

I cannot accept their declaration that this Court "shall accept" a petition when it appears that within 30 days of accused's notification of the decision of the Court of Military Review, the accused "mailed or delivered his petition for review" to some person of legal authority in the military. 12 M.J. 225, 227. The declaration effectively changes Rules 17 and 18 in an unacceptable way. It is wholly unrelated to any circumstance that would make it unfair to visit upon the accused the consequences "of a misunderstanding [which may have been] *directly or indirectly engendered by those responsible for serving upon him the decision of the Court of Military Review*," and, therefore, it is contrary to established practice. *Id.* at 227 (emphasis added). It is so vague in regard to the military legal offices to which the petition may be mailed as to raise an unacceptable probability of litigation.

Turning to this case, the accused was notified of the decision of the Court of Military Review on March 5, 1981. In his petition, he represented that he placed it in the mail on April 3, 1981, but the postmark on the envelope in which the petition was received by the Court is April 15. If the latter date represents the actual date of mailing, the filing is plainly untimely. Because of the conflict in dates, we invited the accused to explain the circumstances of the mailing. Appellate defense counsel has reported that in a telephone conversation the accused told him that "his girlfriend put the petition in the mail in Jacksonville, North Carolina (in the civilian community)." Nothing in counsel's statement indicates that accused personally witnessed the girlfriend deposit the envelope in the mail. The postmark is not that of a civilian branch of the Postal Service, which one would expect if the envelope was mailed in the civilian community, but "U.S.M.C. 2ND FSSG(REIN)."

On this record, I am impelled to conclude that the accused has not justified his out-of-time filing. I would, therefore, dismiss the petition as untimely.

1. Article 67(c), Uniform Code of Military Justice, 10 U.S.C. § 867(c).

2. *United States v. Ponds*, 1 U.S.C.M.A. 385, 3 C.M.R. 119 (1952). *See United States v. Goodlet*, 8 M.J. 101 (C.M.A.1979); *United States v. Naylor*, 8 M.J. 38 (C.M.A.1979).