UNITED STATES, Appellee

v.

Edward TAMEZ, Aviation Ordnanceman Third Class
U.S. Navy, Appellant

No. 05-0382

Crim. App. No. 200401361

United States Court of Appeals for the Armed Forces

Argued January 10, 2006

Decided May 24, 2006

PER CURIAM

Counsel

For Appellant:  Captain Richard A. Viczorek, USMC (argued).

For Appellee:  Lieutenant Craig A. Poulson, JAGC, USNR (argued);
Commander Charles N. Purnell, JAGC, USNR (on brief); Major
Raymond E. Beal II, USMC.


Military Judge:  R. N. Johnson

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Tamez, No. 05-0382/NA

PER CURIAM:

On December 28, 2004, Appellant submitted his case to the United States Navy-Marine Corps Court of Criminal Appeals on its merits without specific assignments of error. That court handed down its decision in Appellant's case on January 12, 2005. United States v Tamez, No. NMCCA 200401361 (N-M. Ct. Crim. App. Jan. 12, 2005) (unpublished). A copy of the court's decision in the record contains the following stamped and signed certification from the docket clerk of the Court of Criminal Appeals:

> I certify that, pursuant to Rule 19, [Court of Criminal Appeals] Rules of Practice and Procedure, a copy of this decision was served on appellate defense counsel on the decision date appearing thereon.

The record also contains a certified mail receipt indicating that a copy of the decision was mailed to Appellant on January 19, 2005, to an address provided by him, i.e., constructive notice. Counting from the date the decision was mailed by certified mail to Appellant in accordance with Article 67(b)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(b)(2) (2000), Appellant's petition was due not later than March 20, 2005. Appellant petitioned this Court for grant of review on March 28, 2005, but did not move to file out of time. That same day, a docketing notice was issued by the Clerk of this Court ordering Appellant to file a supplement by April 27, 2005.

On March 29, 2005, the Government moved to dismiss the petition as untimely and as having been filed without a showing of good cause for the late filing. The Government also argued that Appellant had failed to show good cause for granting the

2

petition, because Appellant had submitted his case on its merits to the court below.

Appellant responded to the Government's motion arguing that there had been no constructive service of the lower court's opinion on him because the Judge Advocate General had only sent Appellant a letter dated January 14, 2005, with a copy of the lower court's opinion enclosed. According to Appellant, this notification was defective on its face. Appellant contends that the Government mailed the decision to the last address he provided when it was aware that he was confined at the Charleston Consolidated Brig. He further argues that in view of the Government's knowledge of his location, the transmission of the notice to another location did not fulfill the requirements for constructive service. Thus, Appellant's position was that because the notification was not in compliance with Article 67, UCMJ, the sixty-day time requirement of the statute had not begun and his petition was not untimely.

On April 27, 2005, Appellant submitted his supplement stating that the case was being submitted on its merits without specific assignments of error. On May 6, 2005, this Court issued an order requiring Appellant to show cause by May 13, 2005, why the Government's motion to dismiss should not be granted. In his response to this order, Appellant reiterated his position that there had been no constructive service under Article 67, UCMJ. Subsequently, this Court specified certain issues pertaining to the special power of attorney executed in this case and ordered briefs. In Appellant's brief on these

issues, his tack shifted slightly on the issue of constructive service, and he asserted that "[t]here is no evidence in the record of trial that the NMCCA decision was ever actually served on [any of the three appellate defense counsel]."

## DISCUSSION

Congress has granted an accused the statutory right to petition this Court for review within sixty days from the earlier of:

(1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or

(2) the date on which a copy of the decision of the Court of Criminal Appeals, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first-class certified mail to the accused at an address provided by the accused or, if no such address has been provided by the accused, at the latest address listed for the accused in his official service record.

Article 67(b), UCMJ.

As a threshold matter, the Government argues that an Appellant's failure to meet the time limits in Article 67(b), UCMJ, deprives this Court of jurisdiction to subsequently grant a petition for review. "Jurisdiction is the power of a court to try and determine a case and to render a valid judgment. Jurisdiction is 'a legal question which we review de novo.'" United States v. Harmon, 63 M.J. __ (8) (C.A.A.F. 2006). This Court has long held that the time limits in Article 67, UCMJ, are not jurisdictional. United States v. Byrd, 53 M.J. 35, 38 (C.A.A.F. 2000); United States v. Ponds, 1 C.M.A. 385, 386, 3 C.M.R. 119, 120 (1952). Indeed, this Court has consistently permitted appellants to file petitions for grant of review out

4

of time for good cause shown. <u>United States v. Sumpter</u>, 22 M.J. 33, 34 (C.M.A. 1986); <u>Ponds</u>, 1 C.M.A. at 386, 3 C.M.R. at 120. <u>See also</u> <u>United States v. Ortiz</u>, 24 M.J. 323, 324 (C.M.A. 1987). Such a practice is consistent with Congress's intent that servicemembers have the opportunity to obtain appellate review in an independent civilian court.[1] Were the sixty-day timeline jurisdictional, an appellant might be without appellate recourse in this Court regarding claims such as ineffectiveness of counsel or complaints under Article 13, UCMJ, 10 U.S.C. § 813 (2000). This was not Congress's intent.

Appellant bears the burden of demonstrating good cause for considering a petition out of time. <u>Ponds</u>, 1 C.M.A. at 386, 3 C.M.R. at 120. "Good cause" in this context does not lend itself to precise definition. Rather good cause represents a discretionary judgment on the part of this Court that an appellant can "establish some reasonable basis justifying his relief from that default." <u>Id.</u> at 386, 3 C.M.R. at 120. We have also said that as part of this showing of good cause counsel should assign some meritorious issue. <u>Ortiz</u>, 24 M.J. at 324; <u>Sumpter</u>, 22 M.J. at 33. Of course, the showing of good cause for the untimely filing of a petition is distinct from the showing of good cause required to grant a petition for review.

In this case, appellate defense counsel's position, both in the brief and during oral argument, is based on the argument that there was no constructive service because appellate defense

---

[1] Since the advent of this Court, this Court's application of Article 67(b), UCMJ, as well as this Court's rules, have permitted consideration of petitions out of time if good cause for the late filing is shown.

counsel were never served with the decision, and because the decision was mailed to Appellant's permanent address instead of his place of confinement. However, as stated earlier, the record demonstrates that the lower court's decision was constructively served on Appellant in accordance with Article 67(b)(2), UCMJ. The docket clerk of the Court of Criminal Appeals certified that appellate defense counsel were served on the date of decision, and the record contains a certified mail receipt indicating that the decision was mailed to Appellant's address of record on January 19, 2005. Thus, the notice requirements of Article 67(b)(2), UCMJ, were met and Appellant's petition was filed eight days out of time. Nonetheless, based on the particular circumstances of this case, we find good cause to consider Appellant's petition out of time.

First, appellate defense counsel appear to have argued this motion on the misapprehension that the decision below was not served on them. At oral argument, appellate defense counsel acknowledged that he had not seen the copy of the lower court's decision certified by the docket clerk of the court.

Second, we are not in a position to explain or address this apparent confusion absent further factfinding by the court below, additional briefs, or the submission of affidavits. Moreover, there is no indication that this error is anything that should be attributed personally to Appellant. As a matter of fairness, we should consider Appellant's petition in light of this error before closing the courtroom door to him.

6

Third, the record reflects that Appellant has been represented by four different appellate counsel and Appellant's current counsel did not assume this position until after the sixty-day filing period had run.  Further, the record and allied papers do not reflect at what stage in the appellate proceedings before this Court, if at all, appellate defense counsel consulted with Appellant regarding the timing of the appeal or the substance of his petition.[2]

Finally, in this appellate context, Appellant filed his petition.  In light of these factors, we conclude that there is good cause shown to entertain Appellant's petition eight days out of time.  True, we could remand for further factfinding or we could request additional briefs to address the factors identified above.  In this case, however, the interests in timely review and judicial economy are better served by considering Appellant's petition without further debate over the reasons for, and the effect of, the eight-day filing delay.

DECISION

The Government's motion to dismiss the petition as untimely under Article 67, UCMJ, is denied.

---

[2] In light of the fact that Article 67, UCMJ, allows for constructive service, counsel should consider the wisdom of relying solely on a special power of attorney without also consulting with the client on the decision to submit the case on its merits.  Assuming, without deciding, that there are circumstances in which counsel may be granted a valid power of attorney, we note that the relevant regulations on professional conduct in this case require counsel to keep the client "reasonably informed" of the status of the case.  See Dep't of the Navy, Judge Advocate General Instr. 5803.1C, Professional Conduct of Attorneys Practicing Under the Cognizance and Supervision of the Judge Advocate General Rule 1.4, at 12 (Nov. 9, 2004).