**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1566**

_____

LARRY C. WEST,

                                    Plaintiff - Appellant,

          versus

CITY OF NORFOLK; TAMELE Y. HOBSON,

                                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:07-cv-00009-RAJ)

_____

Submitted:  October 17, 2007          Decided:  December 7, 2007

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Larry C. West, Appellant Pro Se.  Melvin Wayne Ringer, CITY ATTORNEY'S OFFICE, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry C. West seeks to appeal the district court's order granting Defendants' motion to dismiss his action under 42 U.S.C. § 1983 (2000). We are constrained to dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

The time limits for taking an appeal in a civil case are set forth in Rule 4(a) of the Federal Rules of Appellate Procedure, which carries 28 U.S.C. § 2107 into practice. See Bowles v. Russell, 127 S. Ct. 2360, 2363 (2007). Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). The Supreme Court recently instructed in Bowles that the failure to file a notice of appeal within the statutory time limits deprives the Court of Appeals of jurisdiction. See 127 S. Ct. at 2366.

Here, the district court's order was entered on the docket on April 16, 2007. The court erroneously stated therein that "written notice [of appeal] must be received by the Clerk within sixty (60) days from the date of this Order." In actuality, West had only thirty days to note his appeal. See Fed. R. App. P. 4(a)(1)(A) (carrying into practice 28 U.S.C. § 2107(a)). West, who is proceeding pro se, filed his notice of appeal on June 12, 2007 — within the sixty-day period noted in the district court's order,

- 2 -

but outside the thirty-day period allowed by statute.  He did not seek to extend or reopen the appeal period (and understandably so, since he surely believed that he timely noted his appeal by complying with the district court's order).  Unfortunately for West, while we once could have considered excusing his untimely filing under the "unique circumstances" doctrine, in the wake of Bowles we can no longer do so.  See Bowles, 127 S. Ct. at 2366 ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.  Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate.").

Because West failed to file a timely notice of appeal or obtain an extension or reopening of the appeal period, we must dismiss the appeal.  We deny West's motion to challenge and his motion to file form with this court.  Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED