Judge ERDMANN
delivered the opinion of the court.
Gunnery Sergeant Carlos J. Rodriguez was convicted at a general court-martial of four offenses involving unlawful sexual acts with children. In its initial review of the case, the United States Navy-Marine Corps Court of Criminal Appeals set aside two specifications and authorized a rehearing. United States v. Rodriguez, No. NMCCA 9900997, 2002 CCA Lexis 259, 2002 WL 31433595 (N.M.Ct.Crim.App. Oct. 25, 2002) (unpublished). At the rehearing, Rodriguez was found guilty of two offenses involving sexual acts with children. In its second review of the case, the Court of Criminal Appeals affirmed the findings and sentence. United States v. Rodriguez, No. NMCCA 9900997, 2007 CCA LEXIS 251, 2007 WL 2059801 (N.M.Ct.Crim.App. July 17, 2007) (unpublished). We granted Rodriquez’s petition for grant of review and specified two issues.[1]
Article 67(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(b) (2000), provides that an accused may petition this court for review of a decision of a Court of Criminal Appeals within sixty days from the earlier of the date upon which the accused is actually notified or the date upon which he or she is constructively notified of the decision of the Court of Criminal Appeals. While there is no dispute in this case that the petition for grant of review was filed outside the sixty-day period, Rodriguez asserts that under this court’s prior case law that period is nonjurisdictional and can be waived in this court’s discretion. See United States v. Tamez, 63 M.J. 201, 202 (C.A.A.F.2006) (per curiam). The Government responds that the statutory time limitation of Article 67(b), UCMJ, constitutes a mandatory congressional limitation and is not subject to waiver or expansion in the same manner as rule-based or court-created limitations.
In light of Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), we conclude that the eongressionally-created statutory period within which an accused may file a petition for grant of review is jurisdictional. As Rodriguez’s petition for grant of review was filed outside that period, we lack the authority to entertain it. We therefore vacate the grant of review in this case and dismiss the petition for grant of review.

Background

The Court of Criminal Appeals issued its second decision in this case on July 17, 2007. The record of trial reflects that a copy of that decision was served upon Rodriguez’s appellate defense counsel on that same day. On September 28, 2007, appellate defense counsel filed a “Motion to Submit Petition for Grant of Review Out of Time.” In that motion appellate defense counsel stated that the “petition for grant of review [was] out of time by thirteen days” because “Appellant did not contact the Appellate Defense Divi *112 sion of the Navy-Marine Corps Appellate Review Activity until September 27, 2007 in order to express his desire to appeal his case to this Court.” On that same day, this court ordered the Government to file an answer to Rodriguez’s motion and held further action on the petition for grant of review in abeyance until the court acted upon the motion to file out of time.
On October 12, 2007, the Government moved to file an opposition to Rodriguez’s motion to file his petition for grant of review out of time. The Government asserted that Rodriguez failed to demonstrate good cause for the court to suspend the sixty-day period within which to file a petition for grant of review.[2] On November 16, 2007, this court granted Rodriguez’s motion to file his petition for grant of review out of time and ordered that he file a supplement to the petition for grant of review. Upon further consideration of the supplement to the petition for grant of review and the other filings, we specified two issues for review including one which framed the issue as to whether this court has jurisdiction to entertain an untimely petition for grant of review. See Loving v. United States, 62 M.J. 235, 239 (C.A.A.F.2005) (“every federal appellate court has a special obligation to ‘satisfy itself ... of its own jurisdiction’ ” (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986))).

Discussion

When originally enacted as part of the Uniform Code of Military Justice in 1950,[3] Article 67(c) provided that an accused “shall have thirty days from the time he is notified of the decision of a board of review [now Court of Criminal Appeals] to petition the Court of Military Appeals [now the Court of Appeals for the Armed Forces] for a grant of review.” Act of May 5, 1950, ch. 169, Pub.L. No. 81-506, 64 Stat. 107, 129-30 (Article 67(c)). Consistent with this congressional limitation, former Rule 21 of the court’s Rules of Practice and Procedure required that a petition for grant of review be filed with the court within thirty days of the appellant receiving written notice of the lower court’s decision. The court did not, however, view this thirty-day limitation as a jurisdictional bar to entertaining petitions for grant of review that were filed outside the statutory period. See United States v. Ponds, 1 C.M.A. 385, 386, 3 C.M.R 119, 120 (1952) (per curiam) (quoting Rule 21 of the Court of Military Appeals’ Rules of Practice and Procedure, effective from July 11, 1951, to March 1,1952).
In Ponds, the court considered whether a petition for grant of review filed forty-six days after the statutory filing period elapsed should be dismissed. Id. Rather than view the statutory filing period as jurisdictional, the court concluded that if an appellant could “establish some reasonable basis justifying his relief from [this] default” then untimely filing would not be a bar to this court’s consideration of the case. Id. This conclusion was rendered in the context of the court expressing disapproval of agreements to waive the right to petition and reflected the court’s underlying belief that “[t]he right of convicted persons freely and directly to petition this Court must be protected fully and in nowise abridged.” Id. at 387, 3 C.M.R. at 121.[4]
Following Ponds, this court adhered to its conclusion that an otherwise untimely petition for grant of review could be accepted by the court for good cause. See, e.g., United States v. Morris, 16 M.J. 100 (C.M.A.1983) (misunderstanding of filing requirements); United States v. Landers, 14 M.J. 150 (C.M.A.1982) (misunderstanding that may have been caused by the change of the statutory filing period from thirty to sixty days); *113 United, States v. Mills, 12 M.J. 225, 227 (C.M.A.1982) (“misunderstanding directly or indirectly engendered by those responsible for serving upon him the decision of the Court of Military Review”).
As those cases indicate, the court viewed the statutory filing period as nonjurisdictional even after Article 67, UCMJ, was amended in 1981 to extend the filing period to sixty days and to provide for constructive service of Court of Criminal Appeals’ decisions. See Military Justice Amendments of 1981, Pub.L. No. 97-81, § 5, 95 Stat. 1085, 1088-89 (1981) (Article 67(c)). Most recently, in Tamez the court reiterated that “the time limits in Article 67, UCMJ, are not jurisdictional” and that the court could exercise its discretion to accept untimely petitions for grant of review “for good cause shown.” 63 M.J. at 202.
However, in 2007 the United States Supreme Court changed the analytical landscape in terms of evaluating the jurisdictional significance of filing deadlines in appellate practice. In Bowles the Supreme Court considered Fed. R.App. P. 4(a)(1)(A), based upon 28 U.S.C. § 2107(a), and Fed. R.App. P. 4(a)(6), based upon 28 U.S.C. § 2107(e). 127 S.Ct. at 2362-63. Respectively, those rules provide that a civil litigant has thirty days to file a notice of appeal after entry of final judgment by a Federal District Court and that a District Court could extend the filing period for fourteen days. Nonetheless, the District Court in Bowles extended the filing period for seventeen days rather than the fourteen days permitted by Fed. R.App. P. 4(a)(6). Id. at 2362. When Bowles filed his notice of appeal, he did so outside the rule’s fourteen day period but within the seventeen days encompassed by the District Court’s order. Id. The Supreme Court concluded that Bowles’ untimely notice of appeal “deprived the Court of Appeals of jurisdiction.” Id. at 2366.
The Supreme Court held that where a limitation is derived from a statute “the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional.’ ” Id. at 2363 (citations omitted). In so holding, the Court distinguished between statute-based rules of limitation and those having their origin in court-created rules. There is “jurisdictional significance [in] the fact that a time limitation is set forth in a statute... [b]ecause ‘[o]nly Congress may determine a lower federal court’s subject-matter jurisdiction.’ ” Id. at 2364 (quoting Kontrick v. Ryan, 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). In contrast to the rule for statute-based limitations, the Court noted that:
[W]e have treated the rule-based time limit for criminal cases differently, stating that it may be waived because “[t]he procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion.”
Id. at 2365 (quoting Schacht v. United States, 398 U.S. 58, 64, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970)). An important distinction between the jurisdictional statute-based limitations and those created within a court’s internal rules is that the courts have “no authority to create equitable exceptions to jurisdictional requirements.” Id. at 2366.
The Court illustrated this distinction by pointing to its own rules regarding the time limits for filing petitions for certiorari. The Supreme Court’s rules provide a ninety-day filing deadline for certiorari in both civil and criminal cases. Id. at 2365 (citing Sup.Ct. R. 13.1). While the Court’s jurisdiction over criminal appeals derives from rule-based limitations that can be waived, the Court noted that the ninety-day limitation for civil cases derives from 28 U.S.C. § 2101(c) and therefore the statute-based rule for civil eases constitutes a jurisdictional limitation on the Court’s authority to entertain petitions for certiorari in civil cases. Id.
The Federal Circuit Courts of Appeals have followed the Bowles statutory/rule-based distinction in interpreting various filing deadlines. The First Circuit applied this analysis in determining that Fed.R.Crim.P. 35(a) was jurisdictional “because the rule’s seven-day time limit derives from a statute— [18 U.S.C.] § 3582(c).”[5] United States v.
*114 Griffin, 524 F.3d 71, 84 (1st Cir.2008). Similarly, the Second Circuit concluded that the exhaustion requirement applicable to petitions for review of an immigration judge’s order was “statutory and jurisdictional.” Grullon v. Mukasey, 509 F.3d 107, 109 (2d Cir.2007). The Sixth Circuit concluded that Fed.R.Civ.P. 59(e) was a “claim-processing rule” which “[ujnlike the rule at issue in Bowles, ... [was] promulgated by the Supreme Court under the Rules Enabling Act, 28 U.S.C. §§ 2071-72.”[6] Nat'l Ecological Found, v. Alexander, 496 F.3d 466, 475 (6th Cir.2007).[7]
We also note that a number of the Federal Circuit Courts of Appeals had previously held that Fed. R.App. P. 4(b), “Appeal in a Criminal Case,” was jurisdictional but have reversed that conclusion in light of Bowles and the fact that the rule is not based in statute, despite the, seemingly mandatory language of the rule.[8] See United States v. Frias, 521 F.3d 229, 232 (2d Cir.2008); United States v. Garduno, 506 F.3d 1287, 1290-91 (10th Cir.2007); United States v. Martinez, 496 F.3d 387, 388 (5th Cir.2007); cf. United States v. Byfield, 522 F.3d 400, 403 (D.C.Cir.2008). In light of the statutory/rule-based analysis established in Bowles and the subsequent circuit court decisions, it is appropriate for us to once again examine Article 67(b), UCMJ.
“[T]he entire system of military justice [is a] creature[] of statute, enacted by Congress pursuant to the express constitutional grant of power ‘[t]o make Rules for the Government and Regulation of the land and naval Forces.’ ” United States v. Beatty, 64 M.J. 456, 458 (C.A.A.F.2007) (quoting U.S. Const, art. I, § 8, cl. 14; and citing William Winthrop, Military Law and Precedents 17 (2d ed.1920)). In Articles 141 through 146, UCMJ, 10 U.S.C. §§ 941-946 (2000), Congress provided the source authority for the existence of this court. This court’s authority or subject matter jurisdiction is defined by Article 67, UCMJ.[9] See Clinton v. Goldsmith, 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) (stating this court’s “independent statutory jurisdiction is narrowly circumscribed”).
Article 67(a), UCMJ, sets forth three categories of eases that Congress requires this court to review:
(a) The Court of Appeals for the Armed Forces shall review the record in—
(1) all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death;
(2) all cases reviewed by a Court of Criminal Appeals which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces for Review; and
(3) all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.
Pertinent to this case is subsection (a)(3) which directs this court to review cases which have been reviewed by a Court of Criminal Appeals and where there is a “petition of the accused” and “good cause shown.” The statute clearly establishes that both of *115 these predicates must exist before the congressional mandate to review a case arises.
Article 67(b), UCMJ, sets forth the criteria for filing a petition with this court:
(b) The accused may petition the Court of Appeals for the Armed Forces for review of a decision of a Court of Criminal Appeals within 60 days from the earlier of—
(1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; or
(2) the date on which a copy of the decision of the Court of Criminal Appeals, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery....
While the option of whether to petition or not petition the court rests with the appellant (“may”), Congress established without qualification when such petitions must be filed. Under the plain language of the statute, the petition must be filed within the sixty-day statutory time limit.
Although we believe that the timeliness language of the statute is clear, unambiguous and mandatory, Rodriguez argues that despite the statutory/rule-based distinction of Bowles, the use of the word “may” renders the time limitation in this statute permissive rather than mandatory. However, a reading of the plain language clearly reflects that the word “may” refers only to the act of petitioning this court. See United States v. Lewis, 65 M.J. 85, 88 (C.A.A.F.2007) (“Statutory construction begins with a look at the plain language of a rule.” (citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241-42, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989))).
As we read the plain language of Article 67(b), UCMJ, an appellant may file a petition for grant of review and, if he or she chooses to do so, it must be done within the sixty-day time limitation. Nothing within Article 67(b)’s statute-based time limitation is permissive and there is no indication that the court can waive the limitation for equitable reasons. The sixty-day period “governs this case [and] is specific and unequivocal.” See Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir.2000) (dealing with statute-based Fed. R.App. P. 4(a)(6)).
Even if we were to conclude that there is some ambiguity in these statutes, the legislative history of Article 67(b), UCMJ, provides a clear picture of congressional intent. Congress amended Article 67, UCMJ, in 1981, extending the period within which to petition this court from thirty to sixty days and providing a method for constructive service of a Court of Criminal Appeals’ decision. Military Justice Amendments of 1981, Pub.L. No. 97-81, § 5, 95 Stat. 1085, 1088-89 (1981) (Article 67(c)). A primary motivation for the 1981 amendments to Article 67, UCMJ, was to provide a means of ensuring finality to cases. The House Report on the Military Justice Amendments of 1981 noted the “concrete evidence ... that in some instances appellate review of eases could not be completed” and that such cases could be “held in limbo for up to five years with no finality in sight.” H.R.Rep. No. 97-306, at 7 (1981), U.S.Code Cong. & Admin.News 1981, pp. 1769, 1775. Concerning the purpose of the amendment, the House Report states:
This amendment would continue to allow the opportunity to petition for a further review to expire by statute upon passage of time after the accused is notified of the adverse decision of the lower court, but in contrast, the current proposal would permit the period to commence running upon either actual notice or constructive notice by mail.
Id. at 8, U.S.Code Cong. & Admin.News 1981, pp. 1769, 1776 (emphasis added). The Senate Report expresses a similar concern for finality. The Senate Report states that Article 67, UCMJ, allows “the opportunity to petition for further review to expire by statute” and states further:
Once again, however, one must note that the right to appeal is not effected [sic]. Instead, the result is that the opportunity lapses. Furthermore, the opportunity lapses only when a variety of factors—all in the control of the accused—compound.
*116 S.Rep. No. 97-146, at 35-36 (1981), U.S.Code Cong. & Admin.News 1981, pp. 1484, 1517-19 (emphasis added). This legislative history reflects that Congress intended the sixty-day period to be a statute-based limitation and mandatory. The reports of both the House and the Senate focus on the fact that an appellant is in sole control of the decision to appeal and in large measure in control of the effectiveness of service of process.
Article 67(c), UCMJ, as originally enacted, stated that an accused “shall have thirty days” to petition for a grant of review, (emphasis added). Act of May 5, 1950, ch. 169, Pub.L. No. 81-506, 64 Stat. 107, 129-30 (Article 67(c)). Although the 1981 amendment to Article 67(c) provided that the accused “may” petition for review within sixty days, the mandatory nature of the statutory filing period was not altered. As noted in the House Report, the amendment “continuefd] to allow the opportunity to petition for a further review to expire by statute.” H.R.Rep. No. 97-306, at 8, U.S.Code Cong. & Admin.News 1981, pp. 1769, 1776 (emphasis added). Only the opportunity to petition for review is permissive; the time within which to do so is not. Any other construction of the relationship between opportunity to petition and the time within which to file is inconsistent with the expressed congressional desire to achieve finality. If the time limitation is triggered and an accused does not act, Congress intended the matter to end.
We conclude that the opportunity to petition this court “lapses” or “expires by statute” when the sixty-day statute-based limitation is not met and that the sixty-day limitation is jurisdictional and mandatory.[10] Relief from that time limitation does not rest in the discretion of the court.[11] To the extent that Tamez and earlier cases of this court are inconsistent with this holding, they are overruled.[12]
There is no dispute that Rodriguez’s petition for grant of review was untimely and therefore it must be dismissed.

Decision

The grant of review dated June 12, 2008, is vacated and the petition for grant of review is dismissed.

. We specified review of the following issues:
I. WHETHER THE MILITARY JUDGE IMPROPERLY SHIFTED THE BURDEN OF PROOF TO APPELLANT IN ASKING APPELLANT TO EXPLAIN THE VICTIM’S MOTIVES IN ACCUSING HIM OF SEXUAL ABUSE. II. WHETHER THIS COURT HAS JURISDICTION TO CONSIDER APPELLANT’S UNTIMELY PETITION IN LIGHT OF BOWLES v. RUSSELL, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).
66 M.J. 488 (C.A.A.F.2008).

. C.A.A.F. R. 33 provides that "[flor good cause shown, the Court may suspend any of these rules in a particular case, on application of a party or on its own motion, and may order proceedings in accordance with its direction.”

. Act of May 5, 1950, 50 U.S.C. §§ 551-736 (1950) (repealed 1956).

. See also United States v. Cummings, 17 C.M.A. 376, 379, 38 C.M.R. 174, 177 (1968); United States v. Doherty, 10 C.M.A. 453, 455, 28 C.M.R. 19, 21 (1959).

. Fed.R.Crim.P. 35(a) deals with correcting clear errors in sentencing and provides: “Within 7 days after sentencing, the court may correct a *114 sentence that resulted from arithmetical, technical, or other clear error.”

. Fed.R.Civ.P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.”

. See also Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195-96 (9th Cir.2008); Niswanger v. Powell, 282 Fed.Appx. 342, 343 (5th Cir.2008); West v. Norfolk, 257 Fed.Appx. 606, 607 (4th Cir.2007); United States v. Smith, 238 Fed.Appx. 356, 359 (10th Cir.2007) (timely notice of appeal "mandatory and jurisdictional” under Fed.R.Crim.P. 35).

. Fed. R.App. P. 4(b)(1)(A) provides, in part; "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days of the later of.... ”

. The structure of appeal under the UCMJ is different than that established under the Fed. R.App. P. The latter, as noted, is both statute-based and rule-based, while the entire structure of military justice, including appeals, is statute-based.

. The structure of appeal under the UCMJ is different than that established under the Fed. R.App. P. The latter, as previously noted, is both statute-based and rule-based. Thus, Fed. R.App. P. 4(b) dealing with criminal appeals which is rule-based is not jurisdictional. On the other hand, the entire structure of military justice, including appeals, is statute-based. This foundational difference creates an inconsistency between the civilian criminal appellate process and the military criminal appellate process with respect to time limitations. However, that apparent inconsistency is an issue for congressional consideration.

. Our conclusion that Article 67(b), UCMJ, is mandatory and jurisdictional does not wholly preclude an accused from seeking review by this court. An accused may still ask the Judge Advocate General to certify the case for review pursuant to Article 67(a)(2), UCMJ.

.Our holding is limited to petitions for grant of review filed under Article 67(b), UCMJ. We reserve for another case whether and under what circumstances the court may waive other, nonju-risdictional filing periods set forth in this court's rules. Compare United States v. Frias, 521 F.3d 229, 234 (2d Cir.2008) (“When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b)[a court-prescribed rule] is mandatory and inflexible.”), with United States v. Ortiz, 24 M.J. 323, 325 (C.M.A. 1987) (indicating that the court will seek "adequate explanations” for "untimeliness which violates this Court's Rules” regarding filing supplements to petitions for grant of review).