STUCKY, Judge
(concurring in part and dissenting in part):
Because I believe that under recent precedents we have no jurisdiction to entertain Appellant’s request for a new trial, I would vacate the grant of review on Issue I and dismiss the petition with respect to that issue. I concur in the majority’s disposition of Issues II and III.
I.
The convening authority acted on Appellant’s case on March 29, 2000. More than five years later, on August 31, 2005, after this Court had already granted review of two issues, Appellant submitted a motion to file a supplemental issue — asking for a new trial— directly to this Court. We granted review of the supplemental issue and remanded for an evidentiary hearing into whether the evidence supporting his conviction had been compromised or falsified. See United States v. Luke (Luke I), 63 M.J. 60, 63 (C.A.A.F.2006).
The Government, relying on our decision in United States v. Rodriguez, 67 M.J. 110 (C.A.A.F.2009), now argues in its brief that we do not have jurisdiction to consider whether to grant a new trial in this case.[1] While Appellant insists that our assertion of jurisdiction in Luke I is controlling, and points to the 2009 opinion of the court below as support for the proposition, neither is convincing. See United States v. Luke, No. NMCCA 200000481, 2009 CCA LEXIS 270, 2009 WL 2345124 (N.M.Ct.Crim.App. July 31, 2009). The decision of a lower court cannot, of course, control our independent assessment of our own jurisdiction, an assessment we are required to make. Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884).
In Rodriguez, decided after Luke I, a majority of this Court held that the petition-filing deadline in Article 67(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(b) (2006), “is jurisdictional and mandatory” in light of the Supreme Court’s decision in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). 67 M.J. at 116. *323 Bowles held generally that statutory time limits on filings were jurisdictional:
Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. Put another way, the notion of “subject-matter” jurisdiction obviously extends to “classes of cases ... falling within a court’s adjudicatory authority,” but it is no less “jurisdictional” when Congress prohibits federal courts from adjudicating an otherwise legitimate “class of cases” after a certain period has elapsed from final judgment.
551 U.S. at 212-13, 127 S.Ct. 2360 (ellipsis in original) (citations and quote marks omitted).
“Federal courts, including courts in the military justice system established under Article I of the Constitution, are courts of limited jurisdiction.” United States v. Wuterich, 67 M.J. 63, 70 (C.A.A.F.2008). “Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.” Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868), quoted in Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).
The exercise of jurisdiction at one stage of a case does not guarantee its continuance. Nor does it mean that we, as a court of limited and purely statutory jurisdiction, may ignore intervening events that affect that jurisdiction, whether federal statutes or Supreme Court decisions. See McCardle, 74 U.S. (7 Wall.) at 514 (holding that Congress may, by statute, divest the Supreme Court of appellate jurisdiction in a case already before it).
II.
Article 73, UCMJ, 10 U.S.C. § 873 (2006), provides:
At any time within two years after approval by the convening authority of a court-martial sentence, the accused may petition the Judge Advocate General for a new trial on the grounds of newly discovered evidence or fraud on the court. If the accused’s case is pending before a Court of Criminal Appeals or before the Court of Appeals for the Armed Forces, the Judge Advocate General shall refer the petition to the appropriate court for action. Otherwise the Judge Advocate General shall act upon the petition.
This statute contains precisely the same sort of limit on a particular filing as the Title 28 statutory provisions examined in Bowles and Article 67(b) as construed in Rodriguez. Although the two-year time limit in Article 73 is not expressed in a statute from which this Court’s jurisdiction is derived — Article 67 — “[t]he accepted fact is that some time limits are jurisdictional even though expressed in a separate statutory section from jurisdictional grants.” Barnhart v. Peabody Coal Co., 537 U.S. 149, 159 n. 6, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003), quoted in Bowles, 551 U.S. at 210, 127 S.Ct. 2360. Article 73 is such a statute.
Under the logic of Rodriguez, I believe that we cannot exercise jurisdiction over the request for a new trial, which was made long after the expiration of the two-year period prescribed in Article 73. Accordingly, I would vacate the grant of review on Issue I and dismiss it for lack of jurisdiction.
III.
The majority insists that it is not reviewing a petition for new trial under Article 73, but merely a “supplemental issue” raised by Appellant “to determine whether the results of Luke’s court-martial were reliable in light of newly discovered evidence.” United States v. Luke, 69 M.J. at 314 n. 8 (C.A.A.F.2011). But as the author of today’s majority opinion noted in his dissent in Luke I, considering the supplemental issue outside the statutory scheme set forth in Article 73 represents “a broad extension of the right to a new trial based on newly discovered evidence” that is not supported by our jurisprudence. See 63 M.J. at 64 (Erdmann, J., dissenting).
*324 “Petitions for new trials are disfavored in the law_” United States v. Harris, 61 M.J. 391, 394 (C.A.A.F.2005). Congress established strict ground rules concerning petitions for new trial; they must be filed with the Judge Advocate General within two years of the convening authority’s approval of the sentence, and only on the grounds of newly discovered evidence or fraud on the court. Article 73, UCMJ. Such petitions are only referred to a military appellate court if the case is pending at the court when the petition is filed with the Judge Advocate General. Had Appellant filed a petition with the Judge Advocate General, it would have been denied as untimely and would not have been referred to this Court.
To escape the inevitable denial of his petition for new trial as being untimely filed, Appellant successfully circumvented the procedures established by Congress for petitions for new trials by calling this a supplemental issue. The majority opinion tries to distinguish between the two but then resolves the issue by employing the framework of Rule for Court-Martial (R.C.M.) 1210(f)(2), which “sets forth the grounds for granting a new trial based on newly discovered evidence.” Luke, 69 M.J. at 314. But calling it a supplemental issue, rather than a petition for new trial, doesn’t make it so. If it looks like a petition for new trial and the Court employs the President’s framework for reviewing petitions for new trial, it probably is a petition for new trial.
By judicial fiat, we have enlarged our jurisdiction to permit any accused to file a petition for new trial directly to this Court while the case is on direct appeal. If Congress had meant that result, it would have said so in Article 67 or Article 73.
In her concurring opinion, Judge Ryan states that “the filing time limit set forth in Article 73 and R.C.M. 1210 is more akin to a statute of limitations” than a jurisdictional filing deadline, and governs when a petitioner has a right to file rather than when courts are permitted to take appeals. United States v. Luke, 69 M.J. at 310 n. 1 (Ryan, J., concurring) (citing Eberhart v. United States, 546 U.S. 12, 19, 126 S.Ct. 403,163 L.Ed.2d 14 (2005); Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). I disagree. Unlike the claims-processing rules in Eberhart (Fed.R.Crim.P. 33) and Kontrick (Fed. R. Bank. P. 4004, 9006), Article 73 is a statutory limitation much like those in Bowles and Rodriguez, which were determined to be jurisdictional.

. In light of our opinion in Rodriguez, the Government raised the jurisdictional issue before the United States Navy-Marine Corps Court of Criminal Appeals (CCA), but the CCA correctly noted that it was "constrained to exercise jurisdiction to consider the appellant’s petition by the remand of our superior court.” United States v. Luke, No. NMCCA 200000481, 2009 CCA LEXIS 270, at *11, 2009 WL 2345124, at *4 (N.M.Ct.Crim.App. July 31, 2009) (unpublished).