Thursday, July 14, 2011

Misc. No. 11–8019/AR. Josh R. Rittenhouse v. United States, Respondent. CCA 20050411. On consideration of Petitioner's petition for extraordinary relief in the nature of a writ of error coram nobis and Respondent's answer thereto, it is ordered that said petition is hereby denied.\*

---

\* EFFRON, Chief Judge, with whom BAKER, Judge, joins (dissenting):

Article 67(b) of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(b) (2006), governs the time period for seeking discretionary review in our Court. Under the statute, an accused may petition the Court of Appeals for the Armed Forces for review of a decision of the Court of Criminal Appeals within 60 days from the earlier of the date on which the Government has perfected actual or constructive service upon the accused. *Id.* In the present case, we face the question of whether the time period involves a mandatory restriction or whether the time period may be waived for good cause.

Shortly after enactment of the UCMJ, our Court interpreted Article 67 as permitting waiver of the time period for filing. *See United States v. Ponds,* 1 C.M.A. 385, 386, 3 C.M.R. 119, 120 (1952) (interpreting the original version of the statutory time period). For over a half century, our Court continued to interpret Article 67 as permitting waiver for good cause. *See United States v. Landers,* 14 M.J. 150 (C.M.A. 1982) (interpreting the current version of the statute in light of enactment of amendments in 1981); *United States v. Tamez,* 63 M.J. 201, 202 (C.A.A.F. 2006) (interpreting the current version of the statute).

In *United States v. Rodriguez,* 67 M.J. 110, 112–14 (C.A.A.F. 2009), the Court acknowledged these precedents, but concluded that the Supreme Court's decision in *Bowles v. Russell,* 551 U.S. 205 (2007), compelled our Court to overrule our longstanding interpretation of Article 67. *Rodriguez* interpreted *Bowles* as establishing a statutory/rule–based distinction, requiring treatment of the filing period under Article 67 as a mandatory and jurisdictional limitation that could not be waived, irrespective of whether the petition could demonstrate good cause for a belated filing. *Id.* at 113, 116. Subsequently, however, the Supreme Court emphasized that *Bowles* did not establish a rigid statutory/rule–based distinction for purposes of determining whether a time period must be treated as jurisdictional and nonwaiveable. *See Henderson v. Shinseki,* 131 S. Ct. 1197, 1203 (2011).

*Henderson*, which underscores the need for a more nuanced approach to the issue of whether a statutory time period should be treated as jurisdictional, demonstrates that our Court was not compelled to overrule our longstanding interpretation of Article 67. *Henderson* considered whether a military veteran was jurisdictionally barred, under *Bowles*, from raising a claim before the United States Court of Appeals for Veterans Claims because the 120–day filing requirement was established by statute. The Supreme Court in *Henderson* explained that the consequences of a jurisdictional interpretation are so drastic that a rule should not be labeled jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject–matter or personal jurisdiction. *Id.* at 1202. The Court noted that filing deadlines are quintessential claims–processing rules and they should not be described as jurisdictional unless Congress has decided to establish jurisdictional consequences to such a rule. *Id.* at 1203. The test, under *Henderson*, is whether there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.' *Id.* (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).

In *Henderson*, the Supreme Court considered the text and the context of the applicable statute, and concluded that Congress had not intended the legislation to carry jurisdictional consequences. *Id.* at 1203–06. In reaching this conclusion, the Court noted that the statute at issue addressed review of an administrative decision rather than review of a court–based decision, that it concerned special congressional solicitude for veterans' benefits, and other unique aspects of the statutory framework. *Id.*

The question before us is not whether the similarities or differences between Article 67 and the statute at issue in *Henderson* compel a particular interpretation of Article 67. The question posed by the present appeal is whether our Court in *Rodriguez* correctly interpreted *Bowles* as establishing a statutory/rule–based distinction that required us to abandon our longstanding, consistent interpretation of Article 67. In that regard, *Henderson* underscores that the Supreme Court has not adopted such a distinction, and that the Supreme Court has instead emphasized that filing timelines should not be interpreted as jurisdictional absent a clear indication that Congress intended such a drastic result.

Congress, in the UCMJ, has required the government to provide appellate counsel for an accused servicemember under Article 70, UCMJ, 10 U.S.C. § 870 (2006). *Rodriguez*, which treats the filing period as jurisdictional, precludes waiver under any circumstance. Under *Rodriguez*, even if a servicemember can demonstrate that a belated filing resulted from deficient performance by a government–furnished attorney, the appeal must be dismissed. *Rodriguez* closes the courthouse door to members of the armed forces, such as the petitioner in this case, regardless of whether the servicemember can demonstrate good cause for a belated filing. Our longstanding interpretation of Article 67 reflects that there is no clear indication that Congress intended such a drastic result. Accordingly, I respectfully dissent.