*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS

## FOR THE ARMED FORCES

———————————

### UNITED STATES

Appellant

**v.**

### Shelby L. WILLIAMS, Senior Airman

United States Air Force, Appellee

### No. 16-0053

Crim. App. No. 38454

Argued February 24, 2016—Decided May 3, 2016

Military Judge: Lynn Schmidt

For Appellant: *Gerald R. Bruce,* Esq. (argued); *Colonel Katherine E. Oler* and *Major Meredith L. Steer* (on brief).

For Appellee: *Major Jeffery A. Davis* (argued).

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges RYAN and OHLSON, and Senior Judge COX, joined.

———————————

Judge STUCKY delivered the opinion of the Court.

This case presents the question of whether the Government effectively extended this Court's sixty-day deadline for filing a certificate for review by filing successive motions for reconsideration at the United States Air Force Court of Criminal Appeals (AFCCA). We conclude that the Government's second motion to reconsider did not constitute a qualifying "petition for reconsideration" of the original decision under this Court's Rules of Practice and Procedure (C.A.A.F. R.), and thus did not toll the sixty-day deadline for filing a certificate for review. C.A.A.F. R. 34(a). Accordingly, we grant Appellee's motion to dismiss the certificate as untimely filed.

## I. Background

At a general court-martial, a panel consisting of officer and enlisted members convicted Appellee, contrary to his pleas, of one charge and specification of rape, in violation of

Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). His sentence, as adjudged and approved by the convening authority, was a bad-conduct discharge, confinement for two years, and a reduction to the grade of E-1.

On June 19, 2015, a panel of the AFCCA set aside Appellee's conviction, holding that the military judge abused her discretion by admitting evidence under Military Rule of Evidence (M.R.E.) 413, and that the error was materially prejudicial. Specifically, the AFCCA held that because Appellee's wife's pregnancy could not have resulted from an uncharged sexual assault allegedly committed by Appellee on April 7, 2010, evidence of the pregnancy and subsequent miscarriage should not have been admitted. *United States v. Williams*, ACM No. 38454, 2015 CCA LEXIS 258 at *13-14, 2015 WL 4039267 at *5 (A.F. Ct. Crim. App. June 19, 2015).

The Government filed a motion for reconsideration and reconsideration en banc on July 20, 2015; the AFCCA denied that motion on July 24, 2015. On August 3, 2015, forty-five days after the AFCCA's original decision, the Government filed a second motion for reconsideration and reconsideration en banc, together with a motion to supplement the record on appeal with an obstetrician's affidavit opining that the pregnancy could have resulted from the uncharged encounter. This second motion for reconsideration challenged the denial of the first motion for reconsideration, asking the AFCCA "to reconsider … its order dated 24 July 2015." The AFCCA denied this second motion for reconsideration on August 10, 2015.

On October 7, 2015, the Judge Advocate General (JAG) for the United States Air Force certified three evidentiary issues for review. The certificate for review was thus filed seventy-five days after the first motion to reconsider was denied, and fifty-eight days after the second motion was denied. On December 8, 2015, Appellee moved to dismiss the certificate on the grounds that it was not timely filed. We then ordered oral argument limited to the question of the certificate's timely filing.

## II. Discussion

Under Article 67(a), this Court has jurisdiction to hear "cases … which the Judge Advocate General orders sent … for review." Article 67(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a) (2012). While the statute does not by its own terms set a deadline for the JAG's filing of a certificate for review,[1] Congress has authorized this Court to "prescribe its own rules of procedure," Article 144, UCMJ, 10 U.S.C. § 944 (2012), and the Court's rules do provide for such a deadline.

> [A] certificate for review … shall be filed either (a) no later than 60 days after the date of the decision of the Court of Criminal Appeals (see Rules 22 and 34(a)), or (b) no later than 30 days after a petition for grant of review is granted.

C.A.A.F. R. 19(b)(3).[2]

When the Government is independently seeking this Court's review, the sixty-day filing deadline applies from "the date of the decision of the Court of Criminal Appeals." *Id.* C.A.A.F. R. 34(a), the key rule in this case, provides the method for calculating that date:

> When a period of time is computed under these rules from the date of the decision of a Court of Criminal Appeals, such time is to be computed from the date of such decision, unless a petition for reconsideration is timely filed, in which event the period of time is to be computed from the date of final action on the petition for reconsideration.

In summary, our rules require that a certificate of review be filed sixty days after an AFCCA decision, unless "a petition for reconsideration is timely filed." *Id*. If this triggering event occurs, then the JAG has sixty days to file from "the date of final action on the petition for reconsideration." *Id*.

---

[1] In contrast, Article 67 sets a sixty-day deadline for filing a petition for review, and we have held that that deadline is jurisdictional. *United States v. Rodriguez*, 67 M.J. 110, 111 (C.A.A.F. 2009).

[2] *See also* C.A.A.F. R. 22(b)(3) (containing nearly identical language).

Neither party disputes that the Government's first reconsideration request qualified as a "petition for reconsideration" under C.A.A.F. R. 34(a), or that the Government had sixty days from the denial of that motion to file a certificate for review.[3] But the Government further asserts that its *second* motion for reconsideration, which asked the AFCCA to reconsider its decision to deny reconsideration, also qualified as a "petition for reconsideration" under C.A.A.F. R. 34(a), and tolled the sixty-day deadline.

We disagree. The most straightforward reading of C.A.A.F. R. 34(a)'s phrase "a petition for reconsideration" is that it means a petition for reconsideration of the AFCCA's original decision. C.A.A.F. R. 34(a). The rule's underlying subject is the original decision of the AFCCA, and "the date of such decision." *Id.* The rule contemplates, quite simply, a petition for reconsideration of the substantive decision at issue—not petitions to reconsider the denial of a prior petition for reconsideration.

Our reasoning in *United States v. Sparks* is helpful to this analysis, although *Sparks* dealt with an accused's petition rather than a Government certificate for review. 5 C.M.A. 453, 18 C.M.R. 77 (1955). In holding that a board of review (today's CCA) has jurisdiction to consider a petition for reconsideration made by the accused, we noted that "[a]s to any fancied danger that petitions for reconsideration of petitions for reconsideration will result … there is no right in an accused to petition without limit." *Id.* at 459, 18 C.M.R. at 83.

> [A] second motion for reconsideration by a board will have no effect in expanding the period within which an accused may petition this Court for review, nor will it extend the jurisdiction of the board—unless the motion is granted prior to the filing of a petition or a certificate in this Court.

*Id.*

---

[3] Although the AFCCA Rules of Procedure and Practice (AFCCA R.) refer to a request for reconsideration as a "motion," AFCCA R. 19(b), and our rules refer to the same document as a "petition," C.A.A.F. R. 34(a), in this context "motion" and "petition" are interchangeable terms.

Today, we face the "fancied danger" that the Court contemplated in *Sparks*. *Id.* As we then anticipated, and today hold, the second petition for reconsideration fails to extend the time for seeking review. That petition by its terms sought what had already been denied—reconsideration of the denial of reconsideration of July 24, 2015, and thus does not trigger C.A.A.F. R. 34(a).

Although the Government had only thirty days to seek reconsideration of the substantive decision under AFCCA R. 19(b), it avoided application of this rule by styling its second motion for reconsideration—filed August 3, 2015, forty-five days after the AFCCA's original decision—as a motion to reconsider the July 24, 2015, denial of the first motion. The Government was thus able to argue that it had complied with the AFCCA's filing deadlines.[4] But now one technicality confronts another. The very fact that allowed the Government's second motion for reconsideration to avoid the AFCCA's filing deadlines is precisely what makes that motion fail C.A.A.F. R. 34(a)'s test. Because the second motion for reconsideration did not seek reconsideration of the AFCCA's original decision, it does not constitute a qualifying "petition for reconsideration" under C.A.A.F. R. 34(a).

We see no basis for bending the requirements of this Court's filing deadlines. The Government's second petition did not and could not seek reconsideration of the original decision, and it thus fails to toll the time limits imposed by C.A.A.F. R. 19(b)(3) and C.A.A.F. R. 34(a). The Government did not file the certificate for review until more than sixty days after the first petition for reconsideration was denied. Accordingly, the certificate was not timely filed. C.A.A.F. R. 19(b)(3); C.A.A.F. R. 34(a).

---

[4] In contrast to this Court, where a "consecutive petition for reconsideration" could not even be filed without a grant of explicit permission, the AFCCA does not explicitly restrict the filing of consecutive petitions for reconsideration. *Compare* C.A.A.F. R. 31(e) ("Consecutive petitions for reconsideration, and any such petition that is out of time, will not be filed unless accompanied by a motion for leave to file the same … and unless such motion is granted by the Court"), *with* AFCCA R. 19.

### III. Judgment

Appellee's motion to dismiss is granted.