UNITED STATES of America

v.

Amin A. RASHID, aka Larry Doby Wilson, aka Jonothan F. Stone, III, aka Alfred Monger, aka Otello Karpo, aka Christine Harriell, aka Ortello Karpo,

Amin A. Rashid, Appellant.

No. 09–1252.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 5, 2010.

Opinion Filed: March 19, 2010.

Vineet Gauri, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Amin A. Rashid, Philadelphia, PA, pro se.

Before: BARRY, AMBRO and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant Amin Rashid was found guilty following a jury trial of 55 counts of mail fraud, wire fraud, and money laundering, and one count of criminal forfeiture in connection with a scheme to defraud commercial loan applicants. Despite receiving advance fees in the amount of $1,696,470, Rashid defrauded 47 customers and made no legitimate loans. In May of 1994, Rashid was sentenced to a term of imprisonment of 168 months and three years of supervised release, a $15,000 fine, a $2,700 special assessment, and he was ordered to pay restitution in the amount of $1,696,470. The District Court ordered the residential property located at 444 East Mount Pleasant Avenue forfeited. We affirmed the

judgment of conviction and sentence on August 4, 1995 in *United States v. Rashid,* C.A. No. 93–2241, 66 F.3d 314 (3d Cir. 1995).

Following his unsuccessful direct appeal, Rashid filed numerous challenges to his conviction and sentence under 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), Federal Rule of Criminal Procedure 33, and other statutes and rules. Amin and Joyce Rashid also challenged the forfeiture order several times unsuccessfully. Rashid filed for bankruptcy, and we held the restitution obligation to be dischargeable. *In re: Rashid,* 210 F.3d 201 (3d Cir. 2000). The obligation has since been discharged. Rashid was released from prison and began serving his term of supervised release on September 2, 2005. *See* Docket Entry No. 460. For the next several years, there were no further challenges to the 1993 conviction.

On August 21, 2008, and while he was still serving his term of supervised release, a federal grand jury returned an indictment charging Rashid with two counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. *See United States v. Rashid,* D.C.Crim. No. 08–cr–00493. A warrant for his arrest was issued on the new charges, and the Probation Office petitioned to revoke Rashid's 1994 term of supervised release for violating the conditions of supervised release. *See* Docket Entry No. 460. A hearing on that petition has been continued until after the completion of the trial on the 2008 criminal charges. *See* Docket Entry No. 467.

In October of 2008, Rashid's 1993 criminal case was reassigned to a different United States District Judge following the resignation from the federal bench of the original trial judge. On December 3, 2008, Rashid filed a motion for a new trial in his 1993 criminal case pursuant to Federal Rule of Criminal Procedure 25(b)(2)(B).[1] In it, among other things, he alleged that the trial judge improperly directed a verdict in favor of the government by instructing the jury that the government "has held the burden of proving beyond a reasonable doubt each essential element of what is alleged in the indictment." Based on an amended trial transcript that was incorrect, the trial judge previously denied his Rule 60(b)(6) motion raising the same claim, but, once on supervised release, Rashid, according to his motion, obtained a copy of the official tape, had it transcribed on January 8, 2008, and now has proof that the amended official trial transcript was inaccurate.

The District Court ordered the government to respond to Rashid's Rule 25(b) motion. The government submitted an answer, contending that Rashid's motion for a new trial, because it alleged newly discovered evidence, would have to meet the requirements for a Rule 33 motion, and, under Rule 33 it was untimely. In the alternative, because there was overwhelming evidence of Rashid's guilt, any error in the court's instruction was harmless beyond a reasonable doubt. In an order entered on January 12, 2009, the District Court denied the motion for a new trial as untimely under Rule 33, because it was

---

**1.** Rule 25(b)(1) provides: "After a verdict or finding of guilty, any judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability." Fed.R.Crim.P. 25(b)(1). Rule 25 further provides that: "The successor judge may grant a new trial if satisfied that: (A) a judge other than the one who presided at the trial cannot perform the post-trial duties; or (B) a new trial is necessary for some other reason." *Id.* at (b)(2).

filed more than 15 years after the jury's verdict. Rashid appeals.

■ We will affirm. We have jurisdiction under 28 U.S.C. § 1291 over final orders of the District Court. A district court's denial of a motion for a new trial ordinarily is reviewed for an abuse of discretion, but legal issues raised by the motion are reviewed de novo. *Cf. United States v. Jasin,* 280 F.3d 355, 360 (3d Cir.2002). Rule 25(b) specifies the procedures that apply when a trial judge in a criminal case is unable to complete his or her remaining duties following a verdict or finding of guilt. *See Gov't of Virgin Islands v. Mills,* 935 F.2d 591, 597 (3d Cir. 1991) (newly assigned district judges, requested to impose lengthy mandatory minimum sentences in cases tried before another judge, abused their discretion in granting new trials). Rashid's motion for a new trial was based on newly discovered evidence and thus he must meet the requirements of some other rule or statute in order to proceed.

Under Rule 33, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R.Crim.P. 33(b)(1). The District Court properly concluded that Rashid's motion for a new trial under Rule 33 was untimely by more than a decade. Furthermore, we agree with the government's assertion that it did not waive the timeliness issue. *Cf. Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (seven-day time limit for filing motion for new trial grounded on reason other than newly discovered evidence is not jurisdictional and may be forfeited).

■ Because Rashid's motion also could have been construed as an unauthorized successive section 2255 motion, we note that a successive section 2255 motion may proceed if certified by a court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). But we would not grant such authorization on the basis of Rashid's motion for a new trial because, at a minimum, he did not make out a prima facie case that his evidence would be sufficient to establish that no reasonable factfinder would have found him guilty of the offense.

Last, the government has asked us in its brief on appeal to enjoin Rashid from filing any more challenges to his 1993 conviction, absent judicial permission, pursuant to our power to do so under the All Writs Act, 28 U.S.C. § 1651. *See also Abdul–Akbar v. Watson,* 901 F.2d 329 (3d Cir.1990). We will deny this request without prejudice. Although the government has made out an undeniable case that Rashid's history of pro se challenges to his 1993 conviction is vexatious, *see* Appellee's Brief, at 10–14, and we note with concern that he filed seven pro se motions in the district court between January and May of 2009, the government has not addressed an apparent mootness issue. Rashid has served his term of imprisonment and was very close to completing his three-year term of supervised release when the motion attacking the jury instruction was filed, *see United States v. Jackson,* 523 F.3d 234, 242 (3d Cir.2008); *United States v. Cottman,* 142 F.3d 160, 165 (3d Cir.1998). The mootness issue might render the need for an injunction unnecessary. In addition, it has not persuaded us that the matter of enjoining Rashid, should it become necessary, is not best left to the newly assigned district judge.

We will affirm the order of the District Court dismissing Rashid's motion for a new trial as untimely filed. Appellant's

motion for an order directing the government to file an appendix, or, in the alternative, to strike the government's brief, is denied.