RYAN, Judge
(concurring):
Appellant successfully petitioned this Court to grant his supplemental issue pursuant to Article 67, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867 (2006), United States v. Luke, 69 M.J. at 310-11 (C.A.A.F.2011). Nonetheless, with respect to the supplemental issue, I view his claim as a petition for a new trial on the basis of newly discovered evidence, governed by Article 73, UCMJ, 10 U.S.C. § 873 (2006), and Rule for Courts-Martial (R.C.M.) 1210. Indeed, Appellant has consistently invoked the statutory language of Article 73, UCMJ, and R.C.M. 1210, and the Court’s opinion makes clear that “the framework of R.C.M. 1210 should govern our analysis.” Luke, 69 M.J. at 314 n. 8.
I concur in and join the opinion of the Court. I write separately because as a matter of first impression I would have found Appellant’s petition for a new trial based on newly discovered evidence to be time-bari’ed. Both Article 73, UCMJ, and R.C.M. 1210(a) set forth a clear time limit for petitioning for a new trial: “2 years after approval by the convening authority of a court-martial sentence.” This is so even if the petitioner did not discover the evidence until after the two-year time period has expired. See, e.g., United States v. Rashid, 375 Fed.Appx. 199, 201 (3d Cir.2010) (holding that a motion for a new trial based on newly discovered evidence *322 under Fed.R.Crim.P. 33 was untimely when made outside the three-year filing period and based on evidence discovered outside that three-year filing period).
But when this Court considered the timeliness of Appellant’s request, it ordered the CCA to conduct a DuBay hearing in order to determine whether Appellant was entitled to a new trial. United States v. Luke (Luke I), 63 M.J. 60, 63 (C.A.A.F.2006). The Government has not appealed this decision. Therefore, although I agree with the reasoning of the dissent in Luke I, see id. at 64 (Erdmann, J., dissenting), and am prepared to revisit the issue in an appropriate case, I regard the decision in Luke I as law of the case here. See United States v. Erickson, 65 M.J. 221, 224 n. 1 (C.A.A.F.2007) (holding that when a ruling is not appealed, it “will normally be regarded as law of the case and binding upon the parties”).[1]

. While a jurisdictional error may not be waived, the filing time limit set forth in Article 73, UCMJ, and R.C.M. 1210 is more akin to a statute of limitations. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008) (noting that whereas some time limits are jurisdictional, "[mjost statutes of limitations” are not). Whereas United States v. Rodriguez, 67 M.J. 110 (C.A.A.F.2009), and Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), considered statutory language governing when courts are permitted to take appeals, see Article 67(b), UCMJ; 28 U.S.C. § 2107(a), the language at issue here in Article 73, UCMJ, and R.C.M. 1210, like the language of Fed.R.Crim.P. 33, governs when a petitioner has the right to file. Accord Eberhart v. United States, 546 U.S. 12, 19, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) ("[I]t is difficult to escape the conclusion that [time limits for Fed.R.Crim.P.] 33 motions are ... nonjurisdictional” (citing Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004))).